THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY

v.

MINNIE KASTE.

1. RAILROADS—ORDINANCE REQUIRING FLAGMEN—OWNERSHIP OF TRACK.—An ordinance requiring the stationing of flagmen and erection of bell towers at street crossings of railroads has reference to the duty required of the owners or lessees of the railroad tracks, and a failure to comply with this ordinance can not be made the basis of a liability against a railroad company not owning or leasing the track, nor having any control over the same, but

having only a license from the owner of the track to run its cars thereon under certain regulations.

2. OBSTRUCTING CROSSING WITH CARS.—A railroad company having only the right to use the track of another for certain purposes, can not be made liable for an injury caused by another company obstructing the crossing with its own cars. A party can not be charged with negligence in failing to perform an act unless he has both the power and the right to perform it.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed October 26, 1882.

This was an action on the case brought by Minnie Kaste against the Lake Shore & Michigan Southern Railway Company and the Chicago & Alton Railway Company, to recover damages for a personal injury received by her, as is alleged, by means of the negligence of the defendants. The original declaration consisted of seven counts, charging both of the defendants with negligence, but the plaintiff afterward dismissed her suit as to the Chicago & Alton Railroad Company, and thereupon filed her amended declaration containing five counts against the other defendant alone.

The injury complained of was inflicted upon the plaintiff at a railway crossing over Church street, between Fuller street and Archer avenue, in the city of Chicago. The fourth count of the amended declaration sets up an ordinance of the city of Chicago, requiring all railroad companies whose tracks cross any of the streets of said city (within certain boundaries which include the crossing in question), to station, keep and maintain at every such crossing, at all times, at their own expense, a flagman, whose duty it shall be to signal persons traveling in the direction of the crossing, and warn them of the approach of any locomotive engine or any impending danger; and also to erect, keep and maintain at each of said crossings, at their own expense, a bell tower, not less than fifteen feet in height, on which shall be placed a good and sufficient bell similar to those used in the drawbridges over the Chicago river, such bell to be rung by the flagman or person in charge of the crossing, to warn all persons in vehicles and street cars or other conveyances of the approach of any locomotive engine, train of cars or other danger, such bell to be kept ringing un-

til such locomotive or train of cars shall have passed over the crossing, and it shall be deemed safe for persons and street cars, or other conveyances, to pass or cross the railroad track; and said count thereupon alleges that the defendant, at the time of said injury, was leasing, operating and using a certain railroad track crossing Church street, and that, notwithstanding said ordinance, the defendant failed and neglected to keep or maintain at said crossing a flagman, and also failed and neglected to erect, and keep at said crossing a bell tower, as required by said ordinance, in consequence of which a certain tender attached to one of the defendant's locomotive engines, moving along said railroad track, ran against and struck the plaintiff, who was then and there, with all due care and diligence, walking along said Church street across said railroad, at said crossing, causing the injury complained of.

The second and fifth counts charge the defendant with negligence in obstructing Church street by leaving cars standing thereon more than ten minutes, contrary to the form of he statute, by means whereof, and because of said obstructions preventing a view of approaching trains, the plaintiff was struck by said tender and injured. The third count charges negligence in failing to ring a bell or sound a whistle on the engine while approaching the crossing, as required by statute, and the first count charges negligence generally in the management of the engine.

There was evidence at the trial tending to show the absence from the crossing both of a watchman and a bell tower, and also that the street was obstructed, to some extent, by cars standing thereon, so as to obscure the view of approaching trains. It is undisputed that the several railway tracks at said crossing were the exclusive property of the Chicago & Alton Railroad Company, and that the cars standing on the track were placed there by that company. There was also evidence tending to show that the Lake Shore & Michigan Southern Railway Company had, at the time, no property in or right to use said tracks, except a mere temporary right to run its engine and cars over them, by special permission of the Chicago & Alton Railroad Company, subject to the

regulations and under the control and direction of the agents of that company. On this state of the pleadings and proofs, the defendant asked the court to give to the jury the following instruction, which was refused:

" 8. The jury are instructed, as matter of law, that if they believe, from the evidence in this case, that the tracks and grounds at the place where the accident complained of occurred, were the exclusive property and tracks of the Chicago & Alton Railroad Company, and that the defendant company had no property in, or the right to use said tracks, except a mere temporary right to run over them, subject to the regulations and under the control and directions of the servants or employes of the said Chicago & Alton Railroad Company, the failure to have a flagman or bell tower at said crossing, or the negligence, if you find such fact and negligence from the evidence, in leaving cars standing so as to obstruct the view, as alleged in the declaration, would be the negligence, if you find from the evidence that it was negligence, of the Chicago & Alton Railroad Company, and can not be made a ground of complaint against the company defendant in this suit."

At the instance of the plaintiff, the court gave, among others, the following instruction:

" 3. The jury are instructed, that if they believe, from the evidence, under the instruction of the court, that the defendant is guilty as charged in the declaration, then the plaintiff is entitled to recover such damages as the jury may believe, from the evidence, a fair and just compensation for the damages that they find resulted to said plaintiff from said injuries, and all which it is reasonably certain that she will suffer from said injuries in the future, not exceeding the sum of ten thousand dollars, deducting, however, what she has been paid by the Chicago & Alton Railroad Company, from the amount that would be the verdict if that payment had not been paid."

The jury thereupon rendered a verdict for the plaintiff, upon which the court, after overruling the defendant's motion for a new trial, gave judgment.

Mr. C. D. Roys, for appellant; that there was gross neglect

on the part of the plaintiff and she can not recover, cited L. S. & M. S. R. R. Co. v. Sunderland, 2 Bradwell, 307; C. B. & Q. R. R. Co. v. Damarell, 81 Ill. 454; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 516; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 106; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 579; T. W. & W. Ry. Co. v. Graber, 88 Ill. 442;. L. S. & M. S. R. R. Co. v. Clemens, 5 Bradwell, 77; C. & N. W. R. R. Co. v. Schumilonsky, 8 Bradwell, 617; Town of Salem v. Goller, 76 Ind. 291; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; C. R. I. & P. R. R. Co. v. Huston, 55 U. S. 697; T. W. & W. R. R. Co. v. McGinnis, 71 Ill. 346.

Defendant is not liable for matters over which it had no control: N. & C. R. R. Co. v. Carroll, 6 Heisk. 354; Hollenbeck v. Winnebago Co. 95 Ill. 157; Fletcher v. B. & M. R. R. Co. 1 Allen, 9; Wood v. Cobb, 13 Allen, 58; 2 Thompson on Negligence, 892; McGuire v. Grant, 25 N. J. Law, 371; Wharton on Negligence, § 626; Webb v. P. & K. R. R. Co. 57 Me. 128.

In instructions upon the question of comparative negligence, both the terms "slight," and "gross," or their equivalent should be used: C. B. & Q. R. R. Co. v. Avery, 8 Bradwell, 139; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 506; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 500; L. S. & M. S. R. R. Co. v. Sunderland, 2 Bradwell, 310; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. & A. R. R. Co. v. Murray, 62 Ill. 330.

Neglect of ordinary care does not necessarily amount to gross negligence: Stratton v. Central City Rv Co. 95 Ill. 25; T. W. & W. R. R. Co. v. Grable, 88 Ill. 442; E. St. Louis P. & P. Co. v. Hightower, 92 Ill. 139; Rockford v. Russel, 9 Bradwell, 236; North Chicago Rolling Mills Co. v. Monka, 4 Bradwell, 664.

Instructions should be based on the evidence: C. B. & Q. R. R. Co. v. Howard, 80 Ill. 88; Badger v. Batavia Mfg. Co. 70 Ill. 302; American v. Rimpert, 75 Ill. 228; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177.

The tender age of the plaintiff does not affect the question

of duty to use due care and diligence: Henegaberger v. Second Ave. R. R. Co. 40 N. Y. 572; L. & Ind. R. R. Co. v. Huffner, 28 Ind. 288.

Bailey, P. J.   We think the court below erred in refusing to give to the jury the defendant's eighth instruction.   The ordinance set out in the fourth count of the declaration as the foundation of the defendant's liability, imposes upon " all railroad companies, whose track or tracks cross or intersect any of the streets of the city of Chicago" (within certain prescribed boundaries), the duty of keeping and maintaining a flagman, and of erecting and maintaining a bell tower, at each of said crossings.   This ordinance applies to the *proprietors* of railroad tracks, which doubtless may include, not only the owners, but those holding possession and control as lessees or otherwise.   But, unless a company has possession and control of a given track, either as owner, lessee, or in some other way, it is plain that no duty is imposed by the ordinance, to provide watchmen, or to erect bell towers.   Indeed, in the absence of possession and control, a company would have no right to place watchmen, or to erect bell towers at crossings, and if it should attempt to do so, its act would constitute an unwarrantable intrusion upon the rights of others.

The hypothesis assumed by the instruction is, that the tracks and grounds at the place where the accident complained of occurred, were the exclusive property and tracks of the Chicago & Alton Railroad Company, and that the defendant had no property in a right to use said tracks, except a mere temporary right to run over them, subject to the regulations, and under the control and directions of the Chicago & Alton Railroad Company.   If the hypothesis here assumed is true, and there was evidence tending to prove it, it is manifest that the defendant had no such possession or control of said tracks, as brought it within the purview of said ordinance.   It necessarily follows that its failure to provide a watchman or a bell tower at said crossing, would not be negligence.

We are further of the opinion, that upon the hypothesis contained in the instruction, the defendant could not be charged with negligence in respect to the cars alleged to have

been left standing, so as to obscure the view of approaching trains. A party can not be charged with negligence in failing to perform an act, unless he has both the power and the right to perform it. It should be observed that there was no evidence tending to show that the cars standing on the track belonged to the defendant, or that they were placed there by its servants. The only question was, whether its servants were negligent in allowing them to remain, that is, in failing to move them away. Now, if it be true that the defendant's servants were merely running the defendant's cars over one of the tracks, and that they were doing so under the control and direction of the Chicago & Alton Railroad Company, they had no right, nor was it within their power to interfere with the cars standing on the other track. That was a matter not within their control, and therefore as a necessary consequence, a matter in respect to which the defendant had no responsibility. If then it was negligence to permit said cars to remain, such negligence was imputable to the Chicago & Alton Railroad Company alone, and the jury should have been so instructed.

We are unable to perceive that the authorities cited by the plaintiff's counsel in any way conflict with the views we have here expressed. Those were cases where the company charged with negligence was in possession of the railroad track as lessee, joint occupant, or otherwise, under some contract or arrangement which gave it dominion or control over the track, and the movement of its trains thereon, and in that respect wholly unlike the case supposed in the defendant's eighth instruction.

By the third instruction given on behalf of the plaintiff, the attention of the jury was called generally to the various charges of negligence contained in the declaration, including of course, the failure to maintain a watchman and a bell tower, and also to remove the cars standing on the other track, and the question of the defendant's liability upon each and all of said charges, was thereby submitted to the jury for their determination. With this instruction before the jury, it became highly important that they should be instructed

upon the hypothesis contained in the defendant's eighth instruction; and for the refusal of the court to so instruct, the judgment must be reversed, and the cause remanded.

Judgment reversed.