SMITH, *Appellant*, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

1. **Negligence**: RAILROADS : CONTRACT : PASSENGER. By the terms of a written contract entered into between the Missouri Pacific Railway Company and the defendant, the passenger trains of the latter were to be drawn over the road of the former between the town of Pacific, defendant's eastern terminus, and the city of St. Louis ; the Missouri Pacific Company using its own locomotive and crew of same, and the defendant furnishing at its own expense all train men for the care and management of its trains, the manner of running the latter and the control and acts of said train men being subject to the rules and regulations of the Missouri Pacific Company while so running on its track. *Held*, there could be no recovery against defendant for the death of a passenger caused by the failure of the train to stop long enough for the deceased to alight at his destination and while the train was being operated between St. Louis and Pacific, the deceased having purchased his ticket from the Missouri Pacific Company, and for transportation between St. Louis and the town of Webster where the accident occurred. (Black and Norton, JJ., dissenting).

2. ——— : ———. Under the contract between the two companies, the train by which the deceased was killed cannot be regarded as defendant's train in such a sense as to make it liable for the accident.

3. Railroad : NEGLIGENCE. If the deceased was lawfully on defendant's train and it had been operated by servants under its control, the defendant would be liable for an injury occasioned by the negligence of such servants, and this, too, irrespective of the company from which the ticket was purchased.

### Appeal from St. Louis Court of Appeal.

AFFIRMED.

The following were the instructions given by the trial court for the plaintiff :

"1. If the testimony shows that the cars composing the train which caused the death of plaintiff's husband belong to the defendant, and also shows that such train was, at the time of the accident, under the care and control of the defendant's agents and employes, then the defendant's liability to this action has been established. And the jurors are instructed that if the evidence shows that the conductor and brakeman in charge of the train at the time of the accident were under the exclusive control and supervision of the defendant corporation as to compensation and service, then the train was under the care and control of the defendant's agents and employes."

"2. The court further instructs the jury, as a matter of law, that the liability of a railroad company engaged as a common carrier of passengers, continues, not only while the passengers are in transit, but also so long as the passengers are in the reasonable act of leaving the cars and premises of the common carrier, on arrival at their place of destination."

"3. The jury are further instructed, that the law makes it the duty of railway companies engaged as common carriers of passengers, to cause their depots and stations where passengers are accustomed to arrive

and depart, to be so lighted at night that passengers could leave the cars and premises of such common carrier with reasonable safety ; that railroad companies, owing to the dangerous character of the business they are engaged in, are held to the greatest possible care in the carriage of passengers, and are held responsible in law for the slightest neglect resulting in injury to passengers."

"4. The jury are further instructed, that though the deceased may have remotely contributed to the injury which caused his death, yet, if the defendant, its agents or servants in charge of said train of cars, could, by the exercise of care and prudence, have prevented the injury and death, then the defendant would be liable in this action, and the jury should find for the plaintiff, and their verdict should be for the sum claimed in the petition."

"5. The jury are further instructed, if they find from all the evidence of the case, that the agents or servants of the defendant were guilty of negligence in their management of the train of cars on which the deceased was a passenger, as stated in the petition, and that in consequence alone of such negligence, the deceased received injuries that caused his death, then the plaintiff would be entitled to recover in this action."

"6. The jury are instructed if they find from the evidence that the defendant was the owner of the car or cars on which said Geo. E. Smith was a passenger, and that the train of cars was in charge of a conductor in the employ of the defendant; and if the jury further find from all the evidence that said train of cars was drawn by a steam engine belonging to the Missouri Pacific railway company and the engineer thereof in the employ of the Missouri Pacific Railway Company ; and if the jury further finds from the evidence that defendant's cars were so drawn over the road of the Missouri Pacific Railway Company, in pursuance of a private agreement and arrangement between the de-

fendant and the said Missouri Pacific Railway Company; then the defendant would be liable in this action for negligent injury done said Smith as such passenger, that is for such injury as the evidence shows to have been occasioned by the negligence of the defendant's agents and employes."

"7. The jury are instructed as a matter of law, that a passenger is entitled to a reasonable time and to reasonably safe facilities for leaving the car in which he has been riding when a train is stopped for that purpose; and in ascertaining what would be a reasonable time and reasonably safe facilities, the jury should consider the time and place of alighting with all the facts and circumstances bearing upon the question, whether the time of stopping was reasonable and the place reasonably safe."

The instructions given at defendant's instance were as follows:

"1. The court instructs the jury that if the jury believe from all the evidence in this case that the defendant, the St. Louis & San Francisco Railway Company, had upon the first day of January, 1879, and at the time of the accident complained of, a contract with the Missouri Pacific Railway Company for the transportation of its cars, freight and passengers, over its line of road from Pacific or Franklin to the city of St. Louis, and that by the terms and conditions of such contract the management, control and direction of cars, agents and servants between said points aforesaid, were under the sole management and control of the Missouri Pacfic Railway Company, and if you further believe that said accident occurred at a point between said city of St. Louis and Pacific, then your verdict and finding must be for the defendant."

"2. That if Smith's negligence in not getting off the train in due time, if you believe he was negligent in that particular, directly contributed to the injuries com-

plained of, then, and in that case, plaintiff cannot recover in this action."

"3. The court instructs the jury that if they believe from all the evidence in the case, that the train stopped a sufficient length of time at the depot to allow Mr. Smith to get off the same and on the platform, if he had exercised due care and diligence in doing so, then and in that case plaintiff cannot recover in this action."

*C. F. Moulton, Franklin Ferris* and *Edwin Silver* for appellant.

(1) The action of plaintiff was founded on Revised Statutes, section 2121, which provides in express terms that the corporation in whose employ the agent or employe shall be at the time of the injury shall be the party liable. *Proctor v. Ry.*, 64 Mo. 123. (2) Whether or not the relation of employer and employe existed between the conductor and defendant at the time of the accident was a pure question of fact for the jury. *Pomeroy v. Singerson*, 22 Mo. 177; *Robinson v. Walton*, 58 Mo. 380; *Middleton v. Ry.*, 62 Mo. 581; *Beake v. Ry.*, 34 Conn. 481; *Hankerson v. Lombard*, 35 Ill. 572; *Packet Co. v. McCue*, 17 Wallace, 509; *Norris v. Koheer*, 41 N. Y. 4; *Crockett v. Calvert*, 8 Ind. 128; *Fenton v. Packet Co.*, 8 A. & E. 544-5. (3) And the question of fact was submitted to the jury under instructions asked by defendant as well as by plaintiff, and the cause was thus tried on defendant's own theory and it is now estopped to complain of the submission of the cause on its theory and the finding of the jury thereon. *Crutchfield v. Ry.*, 64 Mo. 225; *Leabo v. Goode*, 67 Mo. 126; *Davis v. Brown*, 67 Mo. 313; *Chamberlain v. Smith*, 1 Mo. 482; *McGongle v. Daugherty*, 71 Mo. 259. The case stands thus: Whether or not the conductor was defendant's servant at the time of the accident was by all the authorities a pure question of fact; the defendant on the trial adopted this theory and asked an instruction, which the court gave, placing the question before the jury, and the

jury under the evidence found the issue for plaintiff, which finding the trial court refused to disturb, yet the court of appeals holds that defendant's own theory of the cause was wrong and relieves him from it in the face of all the authorities holding a party is bound by the theory it adopts. (4) Where a contract is offered in evidence, as in this case, as the foundation for an inference of fact, viz. : Whether the conductor was in defendant's employment (and that it was so offered is clear from defendant's first instruction), the inference to be drawn from such contract is for the jury. *Primm v. Haren,* 27 Mo. 205; *Wilson v. Board of Education,* 63 Mo. 142. (5) By the very terms of the contract between the defendant and the Missouri Pacific Railway Company offered in evidence by the former, it was to furnish at its own expense "all train men for the care and management of its trains" between St. Louis and Pacific. By the very terms of this contract the conductor was in defendant's service at the time of the accident and the authorities uniformly hold the defendant liable under a state of facts like those here presented. *McHugo v. Ry.,* 5 Reporter 342; 2 Thompson on Negligence, 462 ; *Dalyell v. Tyer,* 96 Eng. Com. Law 859 ; *Joslin v. Ice Co.,* 50 Mich. 515 ; *Mills v. Orange, etc., Ry.,* 1 McArthur 285 ; *Nashville, etc., Ry. Co. v. Carroll,* 6 Heisk. 347 ; *Webb v. Ry.,* 59 Me. 136 ; *Kelley v. Mayor,* 11 N. Y. 432 ; *Durst v. Burton,* 47 N. Y. 167. (6) If the servants of both companies control the train jointly, both companies would be liable, as it has been held. *Barrett v. Third Ave. Ry. Co.,* 45 N. Y. 628 ; *Vary v. B. C. Ry. Co.,* 42 Iowa, 246 ; 5 Waits' Actions and Defences. 334, 335 ; *Wabash, etc., Ry. v Shacklett,* 105 Ill. 364. (7) The defendant and the Missouri Pacific Railway could not by contract so change the relation of the conductor between themselves as to bind third persons and the public. *P. W. & B. Ry.,* 58 Md. 372. (8) Even if said contract could so affect third persons and the public it could not be changed by parol evidence as defendant seeks to do.

*Koehring v. Muemminghoff*, 61 Mo. 403; *Hagar v. Hagar*, 71 Mo. 610. (9) In obeying the running orders of the Missouri Pacific company the conductor was in fact obeying the defendant who directed him so to do for the time being. *Dowling v. Allen*, 74 Mo. 19. (10) There was no demurrer to the evidence offered by defendant and hence the case was one for the jury to pass on. (11) The declarations of deceased accounting for his injuries were properly received in evidence. *Brownell v. Ry.*, 47 Mo. 238; *Entwhistle v. Fighner*, 60 Mo. 214; *Harrison v. Stone*, 57 Mo. 93. (12) It is the duty of common carriers of passengers on railroads, on dark nights, to light the depot platform with a reasonably safe light, so passengers may approach and depart thereupon with safety. *Patton v. Ry.*, 32 Wis. 524; *Corkle v. London & S. E. R. L. R.*, 7 C. P. 321; Wharton on Neg., sec. 376, and note. *McDonald v. Ry.*, 26 Iowa 138. And this, whether the train is being operated over the carrier's own road, or over that on which it has running powers. *Martin v. Great N. Ry.*, 16 C. B. 179; Wharton on Neg., sec. 8210, note 10.

*John O. Day* for respondent.

(1) The test of liability in this case is: (*a*) With whom did Smith make his contract to carry him from the Union depot to Webster Grove? (*b*) Who had the exclusive management and control of the train and of the men engaged in running it? If defendant had not the exclusive charge and control of the train and the men engaged in running it, then while so occupied they were not the servants of defendant, and defendant company is not responsible for their negligence. *Shopman v. Boston & Worcester Ry. Co.*, 9 Cush. 24; *Schweickhardt v. City of St. Louis*, 2 Mo. App. 571; *Yeager v. Warren*, 31 Pa. St. 319; Wood on Master and Servant, secs. 281, 306, 313, 314, 315, 316, 317; *Sproul v. Augustus*, 14 Pick. 1; 2 Thompson on Negligence, p. 892, sec. 12; *Paulch v. Rutland*, 28 Vt. 297; *McGuise v. Grant*, 25 N. J. L. 357; *Wood*

*v. Cobb*, 13 Allen, 58; *Kembell v. Cushman*, 103 Mass. 194; *Michael v. Stanton*, 3 Hun 462. (2) The relation existing between defendant and the Missouri Pacific Railway Company, was that of contractor and contractee. Defendant had no power to interfere with the mode or manner of doing the work, or conduct of those engaged in it while so employed. Hence, under no circumstances, can defendant be held liable to plaintiff: *Barry v. St. Louis*, 17 Mo. 121; *Hilsdorf v. St. Louis*, 45 Mo. 94; *Clark v. Han. & St. Jo. Ry.*, 36 Mo. 202; *Morgan v. Bowman*, 22 Mo. 538; *Bissel v. Roden*, 34 Mo. 63; *Schweickhardt v. City of St. Louis*, 2 Mo. App. 571. (3) Where the preponderance of the evidence is so decidedly in favor of the defeated party as to lead naturally to the conclusion that injustice has been done him by the judgment, a new trial should be granted. *Price v. Evans*, 49 Mo. 396; *Morris v. Sherrill*, 63 Barb. 21; *Townsend Manfg. Co. v. Foster*, 41 N. Y. (2 Hand.) 620, *n; Townsend Manfg. Co. v. Foster*, 51 Barb. 346; *Dalsen v. Arnold*, 10 Howard Pr. Rep. 528; *Adsil v. Wilson*, 7 Howard Pr. Rep. 64; *Newton v. Pope*, 1 Cowan, 109. (4) If there is mutual contributory negligence, neither party can recover. *Stoneman v. A. & P. Ry. Co.*, 58 Mo. 503; *Huelsenkamp v. Citizens' Ry. Co.*, 36 Mo. 418; *Huelsenkamp v. Citizens' Ry. Co.*, 37 Mo. 537; *Leddy v. St. L. Ry. Co.*, 40 Mo. 506; *Harlan v. St. L., K. C. & N. Ry.*, 65 Mo. 22; *Holman v. C. & R. I. Ry.*, 62 Mo. 22; *Wood v. Andrews*, 3 Mo. App. 275; *Myers v. C., R. I. & P. Ry.*, 59 Mo. 223; *Nolan v. Shickel*, 3 Mo. App. 300; *Schabbs v. W. S. W. Co.*, 56 Mo. 173. (5) To make defendant liable where plaintiff also has been negligent, it must be shown that the proximate cause of the injury was defendant's omission after becoming aware of plaintiff's danger to use a proper degree of care to avoid injuring him. *Karle v. K. C., St. J. & C. B. Ry. Co.*, 55 Mo. 476; *Isabel v. H. & St. Joe Ry.*, 60 Mo. 475; *Maher v. A. & P. Ry. Co.*, 64 Mo. 267. (6) The mere fact that the Missouri Pacific Railway Com-

pany was to receive a certain portion of the earnings of the St. Louis & San Francisco Railway Company, for certain services rendered by it for that company, does not constitute them partners. *Mohawk & Hudson Ry. Co. v. Niles*, 3 Hill, 162; *Wiggins v. Gorham*, 51 Mo. 17; Story on Partnership (2 Ed.) secs. 18, 19, 20, 21, 30, 40; *Lucas v. Cole*, 57 Mo. 143; Collyer on Partnership (2 Ed.) Bk. Ch. 1, sec. 1, p. 11; *Whitehill v. Shickle*, 43 Mo. 537. (7) The master is not liable where machinery is used contrary to his orders. *Haack v. Fearing*, 5 Rob. (S. C.) 528; *Garretson v. Duenckle*, 50 Mo. 104; *Cousin v. Ry.*, 66 Mo. 572; *Snyder v. Ry.*, 60 Mo. 413. (8) A carrier of passengers is only required to exercise such care and diligence as a prudent man would under the same circumstances. *Sawyer v. H. & St. Joe Ry. Co.*, 37 Mo. 240; Sherman & Redfield on Negligence, sec. 266; *Gilson v. J. H. R. Co.*, 76 Mo. 282; *Simmons v. N. B. V. & N. S. Co.*, 97 Mass. 368; *Derrwort v. Toomer*, 21 Conn. 245; *Marvin v. Ry.*, 36 N. Y. 378; *Straus v. Ry.*, 75 Mo. 191. An instruction, therefore, "that the carrier was liable for injury to a passenger * * * unless it used the greatest possible care and diligence," is erroneous. *Gilson v. J. H. Ry. Co., supra.* (9) The court erred to the prejudice of defendant in giving the second, third and seventh instructions on the part of plaintiff. There is not a *scintilla* of evidence that the defendant company had any charge or control over the depot or the lighting of it, or power to light it if he desired to do so. *Condon v. M. P. Ry. Co.*, 78 Mo. 568; *Utley v. Tolfree*, 77 Mo. 307; *Price v. H. & St. J. Ry. Co.*, 77 Mo. 508; *Chubbuck v. H. & St. Jo. Ry. Co.*, 77 Mo. 591; *Bonine v. City of Richmond*, 75 Mo. 437; *Bowen v. H. & St. J. Ry. Co.*, 75 Mo. 426. (10) The court erred in giving the fifth instruction for plaintiff. By it the jury are told that if the defendant was guilty of negligence in the management of the train or cars in the manner stated in plaintiff's petition, then plaintiff could recover. It is erroneous for the court to give the jury what are mere abstractions.

Smith v. The St. L. & S. F. Ry. Co.

*Zimmerman v. Ry.*, 71 Mo. 490 ; *Young v. Ry.*, 79 Mo. 341 ; *Goodwin v. Ry.*, 75 Mo. 75 ; *Kendig v. Ry.*, 79 Mo. 208 ; *Flynn v. Ry.*, 78 Mo. 211. (11) The giving of the sixth instruction on part of the plaintiff is reversible error. By this instruction the jury is directed to find for the plaintiff if the defendant was guilty of *negligently injuring Smith ;* while in plaintiff's petition the negligent acts are confined *to a failure to light the depot, a failure to stop the train a sufficient length of time, and lastly, in the negligent starting of the train.* The instruction should have been confined to the issues of negligence made by the pleadings. *Under the instruction as given, no matter what the character of the negligence, the jury was bound to find for the plaintiff. Ely v. St. L., K. C. & N.*, 77 Mo. 34 ; *Buffington v. A. & P. Ry.*, 64 Mo. 246 ; *Eden v. H. & St. Jo. Ry.*, 72 Mo. 212 ; *Waldhier v. H. & St. Jo. Ry.*, 71 Mo. 514 ; *Carson v. Cummings*, 69 Mo. 325 ; *Kenny v. H. & St. Jo. Ry.*, 70 Mo. 252 ; *Bank v. Murdock*, 62 Mo. 70. (12) The court erred in refusing to give the instructions asked for by the defendant. The instructions refused correctly declared the law, and were warranted by the evidence. (13) There is irreconcilable conflict between the instructions given on behalf of the plaintiff and on behalf of the defendant ; they were inconsistent and repugnant, and the giving of them was error. *Price v. H. & St. J. Ry. Co.*, 77 Mo. 508 ; *Gilson v. J. H. Ry. Co.*, 76 Mo. 287 ; *Henschen v. O'Bannon*, 56 Mo. 289 ; *State v. Nauert*, 2 Mo. App. 295. (14) Upon the uncontradicted evidence in the case the verdict should have been for the defendant. There was no evidence to go to the jury. It was the court's duty and it should have told the jury that under the facts, plaintiff was not entitled to recover. *Powell v. Ry.*, 76 Mo. 80 ; *Lenox v. Ry.*, 75 Mo. 86 ; *Price v. Ry.*, 77 Mo. 508. A jury cannot wilfully disregard the testimony of an unimpeached witness. *Robinson v. Doyle*, 26 Ill. 161 ; *H. Ins. Co. v. Gray*, 80 Ill.

HENRY, C. J.—The defendant owns and operates a railroad whose eastern terminus is the town of Pacific, about thirty miles west of St. Louis, and its trains are hauled back and forth between Pacific and St. Louis by the Missouri Pacific Railway Company over its road, under a contract between the companies, in substance as follows:   First.  The Missouri Pacific Railway Company, party of the first part, agrees to furnish for defendant for five years, commencing January 1, 1879, "depot facilities for the handling of defendant's freight, and office room for its agents and clerks."   "Second.  The said party of the first part agrees   *   *   *   to transport all of the passenger trains of defendant passing to and from St. Louis, to and from the point of junction of the roads of the parties of the first and second part, at Franklin or Pacific, and the Union depot at St. Louis."   "The party of the first part to furnish at its own expense the locomotive and crew of same," and defendant to "furnish at its own expense all train men for the *care and management of said trains.*"   Defendant's "trains, and the control and acts of said train men" are "subject to the rules and regulations" of the Missouri Pacific; that defendant should "clean and care for the inside of its trains," and, also, defendant to pay "all expenses made and incurred on account of the use and occupation by its trains of the property and facilities of the Union Depot Company at St. Louis."   Third. The Missouri Pacific to "transport all of the freight trains and freight cars" of defendant "passing between St. Louis and Pacific at its own expense."   Fourth.  Missouri Pacific to transport all "passenger cars and trains" of defendant "with all reasonable promptness and dispatch;" the defendant to "furnish free of mileage or other expense all the passenger or freight cars for the performance of its business between" St. Louis and Pacific.   Fifth.  The defendant agrees to indemnify the Missouri Pacific "against all loss or liability" on account of "any accident or damage" received on the

road "through the fault or negligence" of the defendant, "or its agents or employes." Sixth. For the services so rendered by the Missouri Pacific for the first two years defendant agrees to pay "eleven per centum,". and for the balance of the time "eleven and one-half per centum" of the "entire amount of all the gross earnings of the defendant made and received by it on any and all of its *passenger*, freight, or other business which passes or is transported over the road" of the Missouri Pacific. The Missouri Pacific to "have access to the books and vouchers" of the defendant to "ascertain the amount of the gross earnings provided for in this agreement." . Which contract was, on the day aforesaid, signed and their respective corporate seals affixed.

On the twenty-fifth of June, 1879, George E. Smith, husband of plaintiff, took passage at St. Louis on a train of cars owned by defendant, except the locomotive, which belonged to the Missouri Pacific, to 'go to Webster, a station on the Missouri Pacific Railroad between St. Louis and Pacific, under a commuter's ticket purchased by him of the Missouri Pacific Railroad Company. The train arrived at Webster about ten o'clock at night and stopped at the depot for passengers to get on and off. It was a dark night and the depot was not lighted, and in the act of getting off, or immediately after getting off, Smith fell between two of the cars, and at that moment the train started, and passing over him inflicted injuries of which he died soon after, and his widow instituted this suit against the defendant to recover damages. The negligence alleged is that the train did not stop long enough to allow the deceased a reasonable time to alight, and that the depot was not lighted.

The principal and controlling question in the case is, whether, under the agreement between the companies, the train in question passing over the Missouri Pacific road between Pacific and St. Louis is to be regarded as defendant's train in a sense that makes it liable for injuries occasioned to the deceased by the negligence of the

train men. If answered, as we think it must be, in the negative, the judgment should be affirmed. By the terms of the contract the train of the defendant company was to be drawn over the Missouri Pacific road by the Missouri Pacific Company, the latter using its own locomotive and crew, and the train men to be furnished by the defendant, but the Missouri Pacific Company reserved the entire and exclusive control and management of the train, the crew, and the train men. The contract for transportation was not made by the deceased with the defendant, but with the Missouri Pacific Company. It was not for transportation over any portion of defendant's road, but from St. Louis to Webster over the Pacific road. If deceased had been a passenger from a point on defendant's road under a contract for transportation to St. Louis, or from St. Louis to a station on its own road, another question would arise which it is not necessary to consider in this case. We are not to be understood as deciding that the fact that deceased bought his ticket from the Missouri Pacific Company is conclusive against plaintiff's right to recover in this action, for, as held by the court of appeals, if he was lawfully on defendant's train, and it was operated by servants under its control, it matters not of which company he purchased the ticket, the defendant would be liable for any injury received by him occasioned by the negligence of its employes.

The case, therefore, turns upon the construction of the contract between the two companies. Parol evidence was properly admitted to show the meaning of the phrases "train men" and "crew," as employed in the contract, and to show what are the duties of conductors and other train men; and aside from the parol testimony of those employes that they were in the employment of the Missouri Pacific Company, the admissibility of which is questionable since that is a question to be determined by the written contract, in our opinion, by the terms of the contract the train men were in the employment and under the control of the Missouri Pacific Company while the

train was passing over its road between St. Louis and the town of Pacific. This is so provided in express terms in the contract. The defendant was, by the agreement, to furnish free of all expense to the Missouri Pacific all the passenger and freight cars for the performance of its business between St. Louis and Pacific. It was no part of the defendant's business to carry passengers from St. Louis to any station between St. Louis and Pacific. It received no part of the money paid to the Missouri Pacific for carrying such passengers. It had no connection with the Missouri Pacific in that business, and that the latter company used defendant's cars and train men in the prosecution of such business did not create a liability on the part of defendant, the Missouri Pacific Company having reserved exclusive control of the train men and the train.

The fifth clause of the contract, by which defendant agreed to indemnify the Missouri Pacific Company "against all loss or liability" on account of "any accident or damage" received on the road "through the fault or negligence of the defendant or its agents or employes," giving it its broadest scope, does not alter the relation of the two companies to passengers from St. Louis to any station between that and Pacific. If it be so construed that if the plaintiff in this case had sued the Missouri Pacific Company and recovered a judgment, the defendant would be liable to the Missouri Pacific, it is but a contract of indemnity, which, of itself, cannot create a liability on the part of defendant to such a passenger. That by the agreement, the Missouri Pacific Company was to pay no part of the wages of the train men who were to be furnished by defendant, does not create a liability on the part of the defendant to a passenger from St. Louis to a station between that and Pacific, any more than an agreement between the Missouri Pacific Company and an individual, by which the latter should assume the payment of the train men on one of its trains, the company, as in this contract, reserving to itself the control of the train and train men, and the movements of

the train, would render such individual liable for injuries received by one through the negligence of such employes.

Counsel for appellant cite *Kelly v. The Mayor, etc.,* 11 N. Y. 432, and *Durst v. Burton,* 47 N. Y. 167, in support of the proposition that the train men were acting under the supervision of the Missouri Pacific Company; that fact would not make them agents of that company. *Kelly v. The Mayor* is an authority againt the plaintiff's claim here. There the city of New York had ordered a street to be graded, and contracted with an individual to do the work, and it was held that the city was not liable for damages caused by negligence of workmen employed by the contractor, notwithstanding by the terms of the contract the work was to be done under the direction and to the satisfaction of certain officers of the city. There the city employed another to do its work, reserving the right to have the work done under its direction and to its satisfaction. Here the Missouri Pacific was doing its own work with absolute control of the agencies employed, responsible to no superior for the manner of doing it, and that it hired those agencies from, or that they were gratuitously furnished by another, cannot alter its relation to passengers or the public, or establish a relation between the passengers or the public, and the corporation or individual furnishing such agencies.

In *Durst v. Burton,* defendants represented an association owning a cheese factory, which they leased to one who contracted to manufacture cheese for them at an agreed price per pound, defendants reserving no right of supervision, but carrying on the business by furnishing the materials and taking and selling the product in the market as an article manufactured by them. And they were held liable for the fraud of their lessee in the manufacture of a lot of cheese sold by them. The difference between that and the case under consideration is too palpable to require more than a statement of the foregoing facts. The defendants there held themselves out

to the world as the manufacturers of the cheese, sold it as such, and were, of course, liable in the action brought against them. No analogous facts are found in this record. By no act or transaction did defendant assume to carry passengers or freight from St. Louis to any point on the Missouri Pacific road. The principle invoked by appellant has application only where the party supervising a given work is acting, not as principal, but in subordination to another in whose service he is engaged.

One ground of negligence averred in the petition is the failure to light the depot at Webster, a matter in which defendant had no authority whatever, and we mention it only to show where the doctrine contended for by appellant would lead, for there is no question if what appellant claims to be the law be conceded that the defendant would be liable, if the only negligence alleged and proved as causing the injury to the deceased was the failure to have a light at the depot for the benefit of persons getting on or off the train. The court of appeals held that the circuit court erred in refusing an instruction asked by defendant, virtually withdrawing the case from the jury, and we are all agreed that the judgment of the court of appeals should be affirmed, except Sherwood, J., absent.

## On Re-hearing.

HENRY, C. J.—We adhere to the opinion heretofore delivered in this cause. It is pertinently asked if two persons sitting on the same seat in a car are injured in a railroad accident, can it be that one must look to one company and his companion to a different company for redress? Why not? In the case at bar the defendant company did not undertake to carry passengers from St. Louis or Pacific to points between those stations. It received no part of the money paid to the Missouri Pacific Railway Company by such passengers. The train was not under its control or management, but under that of the Missouri Pacific. If the general manager of the

defendant had ordered conductor of the train in question not to receive such passengers, and one had entered the car, having a ticket from the Missouri Pacific Company, and the conductor should have been in the act of expelling him from the train, could he have disobeyed an order from the manager of the Missouri Pacific to let the passenger remain? Was not the order from the latter to receive and carry such passengers, one which he was bound to obey? A part of the rolling stock of the train was owned by the defendant. The locomotive was owned by the Missouri Pacific, which also owned the road. The train men, though in the permanent employment of the defendant, were, while moving the train from St. Louis to Pacific, under the exclusive control and management of the Missouri Pacific, and the engineer and fireman were in the permanent employment of the latter company. Not an order could the defendant company have given as to the running of that train between St. Louis and Pacific. Not a passenger was received by defendant company to be transported between those points The deceased had purchased his ticket of the Missouri Pacific Railway Company.

There were no contractual relations between him and the defendant. The conductor would have subjected the Missouri Pacific to a suit for damages had he ejected the passenger from the train, and would himself have been liable to that company for any damages recovered by the passenger against the Missouri Pacific for such ejection. Could he have sued the St. Louis & San Francisco Company for such ejection? That company had not undertaken to carry him. It was not doing any such business between St. Louis and Pacific, and clearly he would have had no cause of action against the defendant, but must have sought redress from the Missouri Pacific. Whether to a through passenger who had procured a passage from the defendant company, the latter would have been liable for any injury sustained between St. Louis and Pacific in consequence of the negligence of those operating the

train, is not a question in this cause, and it is proper to abstain from deciding that question until it is properly before us. Upon what principle the St. Louis & San Francisco Company can be held liable in this case I cannot conceive. It certainly would be an anomaly to hold one responsible for the acts of another, over whom he had no control. Such a principle obtains in no civil action between individuals, and no reason can be assigned why it should apply in suits against corporations.

On a critical examination of the cases relied upon to sustain this action it will be found, in such of them as are correctly decided, that there is so marked a distinction between them and this as makes them wholly inapplicable. In every one of them it will be found that the party held liable had some control over the negligent servants in the very work they were engaged in performing.

The judgment is affirmed. Norton and Black, JJ., dissent.

BLACK, J., DISSENTING.—For all the purposes of this case the negligence of the train men in the respect alleged in the petition is conceded, so that the only question to be considered is whether under the written contract between the two companies the defendant's train in question in passing from St. Louis to Pacific is to be regarded as defendant's train in a sense that makes it liable for the negligence of the train men. That it is liable, and liable, too, under the terms of the contract, I have no doubt.

If the defendant's train was operated by its servants, it is a circumstance of no moment that the ticket was sold by the Missouri Pacific Company, for upon that ticket the plaintiff's husband was received as a passenger, and as to him the defendant was a common carrier and liable for the negligence of its servants the same as if it had sold the ticket itself. *Todd v. Ry. Co.*, 3 Allen, 18; *Faulkers v. Ry. Co.*, 42 L. J. (N. S.) 345. Nor did it make any difference that the defendant was not the owner of the track upon and over which its cars were operated.

*Steller v. Ry. Co.*, 9 Cent. Law Jour. 131. It would seem to be clear enough that if this train of cars was under the control of the defendant's servants, then the defendant is liable. If under the joint control of the servants of both companies, then both companies are liable. *Nashville, etc., Ry. Co. v. Carroll*, 6 Heisk. 347; *Vary v. B., C. R. & M. R. Co.*, 42 Ia. 246.

The defendant owned and operated a long line of road which terminated at Pacific, some thirty-seven miles from St. Louis, and for the mutual benefit of itself and the Missouri Pacific Company, made the contract in question, whereby the latter undertook to transport defendant's passenger trains and freight cars back and forth between these points over the road of the Missouri Pacific Company for a stipulated percentage of the gross earnings received by the defendant from all of its passenger and freight business passing over the road of the Missouri Pacific Company, as aforesaid. It is true the manner of running the passenger trains and the control and acts of the train men while on this part of the road are to be subject to the rules and regulations of the Missouri Pacific Company, and that company is to furnish the locomotives and crews for the same at its own expense, but it is clearly provided that the defendant was to furnish, at its own expense, all train men for the *care and management of its trains*, and is required to care for the inside of its cars at St. Louis, and to pay all expenses for the use of the Union Depot at St. Louis. These train men, including the conductor, are employed by the defendant, and receive their compensation from the defendant alone. They are the servants regularly in charge of the train throughout its trip. While the Missouri Pacific Company may, and does, make the time-table and general rules, these trains are under the immediate control of the defendant's servants.

The evidence in this case shows that the conductor

determined how long the train should stop, and gave the signal to start. That it was under his immediate control and direction can scarcely be questioned. Throughout the contract these passenger trains are spoken of as the trains of the defendant. To call these trains the trains of the Missouri Pacific Company is to disregard the plain stipulations of the contract. Some evidence was offered to the effect that the Missouri Pacific Company had the power to discharge these train men so employed by the defendant, but it does not appear that any such power was ever attempted to be exercised, and we can plainly see from the terms of the contract, that the Missouri Pacific Company had no such power. It is for the court, and not for the witnesses, to say what the legal effect of the contract is.

It is said, and there is evidence to that effect, that the defendant objected to carrying these passengers from St. Louis to Pacific and intermediate points, but we do not see what the plaintiff's husband had to do with these controversies; the broad fact remains that defendant did receive these passengers into its cars and discharge them at their destination, and that, too, on these tickets of the Missouri Pacific Company. The defendant, by its conduct, held itself out to receive such persons as passengers, certainly it did do so, and they were entitled to all the protection due to passengers. That the defendant would be liable to those passengers to whom it sold tickets from St. Louis to points beyond Pacific on its line, for negligence of these train men, cannot, we think, be fairly questioned; yet, to a passenger in the same coach who holds a ticket to Pacific, or some intermediate point, it is contended the defendant owes no duty. That this train was under the immediate control of the defendant's agents, and that they, and they alone, had the right to regulate the conduct of the passengers, and were called upon to look after and care for them as the agents and servants of the defendant, is clear enough from the terms of the contract. For these reasons I dissent from the

opinion just filed.  Whether the Missouri Pacific Company is not also liable, is a question which we need not consider, for if it is, it does not aid this defence.  Norton, J., concurs.