## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

### THOMAS REGAN *vs.* PATRICK J. DONOVAN & another.

Suffolk.   March 8, 1893. — April 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Burden of Proof — "Way" under*
*Employers' Liability Act.*

The plaintiff, while in the employ of the defendants, was ordered by them to carry
a bar of iron down a flight of movable stairs leading into and intended to fur-
nish permanent means of access to a cellar in which the defendants were making
some alterations for the owner of the building. There was nothing to show that
the steps were not suitable to be placed as they were, or reasonably to be ex-
pected to be in such position, or that the defendants had reason to suppose that
they were insecurely fastened.  As the plaintiff stepped upon the stairs they
slipped from under him and he was injured.  *Held,* that there was no evidence
of negligence on the part of the defendants.  *Held, also,* that they did not adopt
the steps as a way used in their business within St. 1887, c. 270.

TORT, for personal injuries received by the plaintiff while
employed by the defendants.  The plaintiff sought to establish
a liability under the St. of 1887, c. 270, for a defect in the
condition of the ways used in the business of the employer,
and also to establish a liability at common law.  At the trial
in the Superior Court, before *Sherman,* J., it appeared that the
defendants, who were contractors and builders, erected a build-

ing for one Roughan. This building had a brick wall running through its centre dividing it into two parts; and on the first floor of each part a trap-door was cut, about four and one half by two and one half feet, through which access to the cellar was had by means of a flight of movable stairs at each trap-door. These stairs, which were constructed by carpenters employed by the defendants, were set up, one end against the timbers of the hatchway going down within an inch or two of the scuttle or trap, the other end resting on the cellar floor; and they were not in any way secured, and were not intended to be secured, to the building. Several months after erecting the stairs the defendants were again employed by Roughan to do some work in the cellar, and one of the defendants went to the house with the plaintiff and ordered him to take a bar of iron down one of the flights of stairs. When this had been done, he ordered the plaintiff to take another bar down the other flight. As the plaintiff stepped upon the second flight, the stairs slipped out from under him, and he fell and was injured. The plaintiff testified that the stairs were in perfect repair at the time of the accident; that there was light enough to see them plainly; and that he did not notice whether they were temporary or solid. He also testified as to the nature and extent of his injuries. At the close of the plaintiff's evidence, the judge ruled that he could not recover, and ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*H. W. Bragg,* for the plaintiff.

*J. Lowell, Jr.,* ( *S. H. Smith* with him,) for the defendants.

ALLEN, J. The two cellars were to be reached through two trap-doors, each being about four and one half by two and one half feet; and the descent to the cellars was by means of similar movable stairs or steps, which had been constructed by the defendants for the owner of the building some time before. There was nothing to show that these stairs or steps would not be safe to pass over if properly placed so as to prevent slipping. The plaintiff went down one set of steps and came up again without accident; but the other steps slipped while he was upon them. The defendants knew that the steps were movable, and the plaintiff testified that he did not know it. There was nothing to show that such movable steps were not suitable to be

placed or reasonably to be expected in those positions, or that the defendants knew or had any reason to suppose that the owner of the building had left either set of steps insecurely placed. Under this state of the evidence, the question was presented whether the defendants were responsible on the ground that they set the plaintiff to work in a place of peculiar danger without cautioning him to look to see that the steps were properly placed.

The burden of proof was on the plaintiff to prove negligence on the part of the defendants. Proof of mere knowledge on their part that the steps were movable, without any evidence to show that movable steps were unsafe in themselves or unsuitable for the place, or that the defendants knew or had reason to suppose that the owner would leave them insecurely placed, is not sufficient to sustain that burden of proof.

Nor can the action be supported under the employers' liability act, St. 1887, c. 270, on the ground that there was a defect in the ways connected with or used in the business of the employer. It cannot be held that the defendants adopted the stairs as a way used in their business.

*Exceptions overruled.*