Eva T. Engel, administratrix, *vs.* New York, Providence, and Boston Railroad Company.

Worcester. October 3, 1893. — December 6, 1893.

Present: Field, C. J., Allen, Holmes, Knowlton, & Lathrop, JJ.

*Loss of Life — Employers' Liability Act — " Ways " — Action.*

A track in the yard of A., owned, maintained, and repaired by him, and used by a railroad under a contract with him for the delivery of freight in the yard, is no part of the railroad's " ways," under the employers' liability act, St. 1887, c. 270, §§ 1, 2; and if an employee of the railroad is killed by a defect in it, an action will not lie against the railroad on that statute. Knowlton, J. dissenting.

HOLMES, J.   This is an action brought under St. 1887, c. 270, § 2, to recover damages for the death of the plaintiff's intestate through an alleged defect in the condition of the defendant's ways.   The question is whether the cause of the accident is within the statute.   The deceased was killed by being knocked off a car of the defendant's by a slanting bridge or chute over the track between two buildings of the Washburn and Moen Manufacturing Company in its yard.   The track was that company's track, owned, maintained, and repaired by it; the bridge of course was its bridge, and the defendant came on the track only as licensee or invited under a contract by which it delivered freight in the company's yard on certain terms.   A majority of the court are of opinion that this track was no part of the defendant's ways, within the meaning of the statute.

We could not come to a different result without repudiating the reasoning of *Trask* v. *Old Colony Railroad*, 156 Mass. 298, 304, and the tests sanctioned by that case, and by *Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, 23.   See also *Regan* v. *Donovan*, 159 Mass. 1, 3.   The track is not provided by the defendant, or subject to its control.   In the language of Roberts & Wallace, Employers' Liability, (3d ed.) 249, the defendant had not adopted it as its own.   We are not dissatisfied with these tests, and we think that neither the language of the statute nor good sense would permit us to hold an employer liable under the act for defects which he cannot help, in a place out of his control, to which his employees once in a while may be called for a few minutes.   It will be understood that our view by no means requires ownership as a condition of the defendant's liability.

The words of the act in § 1, cl. 1, are, " which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways . . . were in proper condition."   These words mean that the defect must be one which the employer has a right to remedy if he does discover it, and of a kind which it is possible to charge a servant with the duty of setting right.   They cannot be made clearer by discussing the principles of common law liability, or by referring to decisions upon a wholly different kind of statute, like *Commonwealth* v. *Boston & Lowell Railroad*, 126 Mass. 61.

Our decision may not leave the plaintiff remediless. If there was a defect, it is possible that there may be a liability on the part of the Washburn and Moen Company. *Finnegan* v. *Fall River Gas Works Co.* 159 Mass. 311. *Osborne* v. *Morgan*, 130 Mass. 102, 104.  *Judgment on the verdict.*

KNOWLTON, J. The opinion of the majority of the court puts upon an important clause of the employers' liability act a construction which seems to me wrong.

The track on which the plaintiff's intestate was killed was of the same kind, and used by the defendant in the same way, as ordinary side tracks constructed for the delivery of freight to manufacturing companies having works near the line of a railroad. It was used by the defendant in · the transportation of freight for hire. Freight carried over the defendant's railroad was received· and delivered at the works of the Washburn and Moen Manufacturing Company, without extra charge, the price paid for transportation to and from other stations including the transportation over this track. Freight sent away by other railroads, or received from them, was carried over this track by the defendant for a stipulated price paid by the Washburn and Moen Manufacturing Company.

There can be no doubt that, if the defendant had owned the track, it would have been a part of its ways and works within the meaning of the statute. Is such a track any the less a part of the ways and works of a railroad company, as between the company and its employees, if it is hired from a third party or furnished for use by the owner of the freight? If it is owned and kept in repair by the freight owner, that fact presumably is taken into account in fixing the terms on which the freight is carried, and its use by the carrier in his business is in that way paid for by the carrier as much as if it were hired from a third party.

The statute is intended to define the rights and liabilities of employer and employee. The question what constitutes the ways, works, or machinery is a question which arises only between employer and employee, and should be answered in such a way as to give effect to the meaning of the statute. The employee finds a track of this kind used like other side tracks

belonging to the corporation, adapted to the convenient transaction of its freighting business. Ordinarily he has no means of knowing whether the track is owned and maintained by the railroad corporation, or by the manufacturer whose freight is brought over it. All he can see or know is that it is connected with and used in the business of the corporation in delivering freight. Whether an additional price is paid for the transportation of its cars or of the cars of other railroads over that track, he does not know, nor is it important for him to know. It is a place specially fitted for the work of his employer, on which his employer sets him at work, and in which the employer presumably has rights for the time being. It ought to make no difference under the statute how the employer procures the ways, works, or machinery connected with and used in his business, or by what kind of title he holds them. So long as they are connected with his business and used in it, it is his duty to have them safe, so that his employees may not be unnecessarily exposed to danger. If another owns and furnishes them, and agrees to keep them safe, it is his duty, as between him and his employee, to see that the owner properly does what he agrees to do.

It is a general rule of the common law that a railroad corporation is liable for an injury to a passenger, or for loss of freight arising from a defect in a track of another corporation over which it runs its cars, as if it owned the track. As between the two corporations, the only duty to maintain the track in repair under their contract may be upon the owner of the road, but as between the first mentioned corporation and a passenger or owner of freight, it is the duty of the carrier to have the track safe, whether it owns it or hires it. *McElroy* v. *Nashua & Lowell Railroad,* 4 Cush. 400. *McCluer* v. *Manchester & Lawrence Railroad,* 13 Gray, 124. *Feital* v. *Middlesex Railroad,* 109 Mass. 398. *Murch* v. *Concord Railroad,* 29 N. H. 9. *Wabash, St. Louis, & Pacific Railway* v. *Peyton,* 106 Ill. 534. 2 Redf. Railways, (4th ed.) § 204 *a.* See also *Railroad Co.* v. *Barron,* 5 Wall. 90; *Sprague* v. *Smith,* 29 Vt. 421; *Webb* v. *Portland & Kennebec Railroad,* 57 Maine, 117, 128. The duty of a railroad corporation to furnish for its employees safe tracks, cars, locomotive engines, and other machinery, tools, and appliances with which its business is to be carried on, is similar in kind to its

duty to passengers in these respects, although the degree of care required is less. In either case, its duty is the same when the tracks, cars, and engines are hired, or used under a license from others, as when they are owned by the employer. *Spaulding* v. *W. N. Flynt Granite Co.* 159 Mass. 587. *Wisconsin Central Railroad* v. *Ross,* 142 Ill. 9. *Stetler* v. *Chicago & Northwestern Railway,* 46 Wis. 497 ; *S. C.* 49 Wis. 609. *Little Rock & Fort Smith Railway* v. *Cagle,* 53 Ark. 347. *Smith* v. *Memphis & Little Rock Railroad,* 18 Fed. Rep. 304.

In *Stetler* v. *Chicago & Northwestern Railway,* 46 Wis. 497, the facts are similar to those in the case at bar. An ice company laid and maintained a track to its ice-house, which was used by the defendant corporation in taking cars to and from the ice-house at the request of the company. The plaintiff was injured while assisting in the work of transporting the cars, and the defendant was held liable to its employee for the defective condition of the track which the ice company ought to have kept in repair. The court says in the opinion : " The authorities are quite uniform, that, where one railroad company uses the track of another company for the purpose of transporting passengers or property, the company transporting the persons or property is liable for any damages which may be sustained, either by the passengers or by the owners of the property so transported, caused by any defects in the road of the other company so used. . . . We are also of the opinion that the same rule should apply as between the railroad company and its employees. . . . In the case at bar, there would seem to be every reason for holding that the same rule should apply. The company when the accident happened was running its trains over a short line of road, which terminated at the main track of its road, which was never used as a railroad for any purpose except as the trains of the defendant ran over it, and for all practical purposes was of no use as a railroad except as used by the defendant. . . . He was directed by the proper agents of the defendant to assist in running its cars and engines over it. As between itself and its employees, who were directed to use the road in the business of the defendant company, such employees have the right to treat the road as the company's road, and the company as to its employees was bound to see that such road, whilst so used for its

benefit by its employees, was in such condition as not to unnecessarily endanger their lives or limbs."

I am of opinion that a railroad company is liable for an injury to its employee in such a case at the common law, and the reason for holding it liable seems to me equally applicable to the clause of the employers' liability act under which this action is brought. Indeed, there is an additional reason for giving such a construction to this clause in the language which in terms includes not only the ways, works, and machinery that belong to the employer in the ordinary sense, but those which he permits to be used in his business. See also St. 1893, c. 359.

In determining whether he was negligent in not discovering or remedying the defect, of course the fact that another primarily has the duty of keeping the works in a safe condition is important, for then he is only required to use reasonable care and supervision to see that this duty has been done. To that extent, under his contract with the owner, he has a right in the track, and a kind of control of it.

In *Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, 23, a case arising under this statute, Mr. Justice Allen says, in giving the opinion of the court : " The want of ownership by the defendant is not of much significance ; but by the terms ' ways, works, or machinery connected with or used in the business of the employer ' we understand something in the place, or means, appliances, or instrumentalities provided by the employer, for doing or carrying on the work which is to be done." Was not the track in the present case something in the place, or means, appliances, or instrumentalities provided for the employee by the employer for carrying on the work which the employee was hired to do ?

In the recent case of *Spaulding* v. *W. N. Flynt Granite Co.* 159 Mass. 587, an action at common law, it was held that the defendant was liable for the defective condition of a borrowed car as if it had owned the car, and Mr. Justice Holmes, in giving the opinion, refers to *Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, in such a way as plainly to imply that in this respect the same rule applies to cases under the employers' liability act as to those at the common law.

The language of the opinion in *Trask* v. *Old Colony Railroad*,

156 Mass. 298, should be read in its application to the facts. In that case the arrangements of the two roads called for a delivery of cars by one road at the terminus of its line, and the reception of them by the other at the same point at the terminus of its line, and in the transaction of its regular business neither company had any contract or arrangement to use the line of the other. Neither road was obliged under its contract to go upon the tracks of the other, and neither was under any obligation to keep its tracks in repair for the use of the other. The passage of a car or engine beyond the terminus of the road then running it was not in the nature of a regular authorized use of the track of another corporation in its business, and the track was in no proper sense connected with or used in its business. There was rather an occasional and almost accidental running of its engines or cars beyond its own track in doing a business the regular prosecution of which did not extend beyond its own line. The defendant had no control nor right of control, nor right to demand a safe condition, of the track of the other railroad. But in the present case the track is furnished to the defendant as a place on which to do its regular business for pay, and the defendant has the control of it in the sense that it has a right to insist on its being kept in a safe condition for the transaction of the business which it has agreed to do.

The doctrine contended for by the defendant, as I understand it, comes to this. If a manufacturer, instead of owning the ways, works, and machinery necessary to be used in his business, arranges with another person who owns a manufacturing establishment to furnish it for his use and to keep it constantly in good condition, and if one of his employees is instantly killed by a defect negligently suffered to be in the ways, works, or machinery which he is using under this arrangement, he will not be liable under the statute, because the ways, works, and machinery are not his. The owner will not be liable under the statute, for he is a stranger to the manufacturing business carried on there, and the person killed is not his employee. Neither the employer nor the owner of the establishment will be liable at the common law, for the common law permits no recovery for a death resulting from negligence. The widow and children of the deceased employee will therefore be left remediless. It seems to me that

such a construction of the statute tends to defeat the purpose of the Legislature.

In the present case the deceased brakeman was not an employee of the Washburn and Moen Manufacturing Company, and, in my view of the law, the plaintiff can have no remedy against that corporation.

*J. W. Keith & F. M. Forbush,* for the plaintiff.
*W. A. Gile,* for the defendant.