THOMAS HUGHES *vs.* MALDEN AND MELROSE GAS LIGHT
COMPANY.

Suffolk. March 8, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Master and Servant —
Owner's Risk — Evidence.*

At the trial of an action against a gas light company for personal injuries to the
plaintiff, while in its employ, caused by the caving in of the sides of the trench
in which the plaintiff was at work, there was evidence that the trench had been
dug four days previously by a city in one of its streets, and that although the
earth in that vicinity was constantly shaken by the moving of trains and heavy
teams, and although the trench was six feet wide and of about the same depth,
having earth thrown up on either side to an additional height of eighteen inches,
it had not been shored or braced; that by the digging of the trench, over which
the defendant had no control, its gas pipe had been exposed, and that, pursuant
to orders from the city to remove such pipe from the trench, it set the plaintiff
to removing it; that the plaintiff had had two or three years' experience in
digging trenches; and that the accident happened after he had been at work
three hours, and just after the defendant's superintendent had left the trench.
*Held,* that the plaintiff was not entitled to recover, either at common law or
under the employers' liability act, and that evidence offered by him that he
made no examination of the trench, but relied on the defendant's superintendent
to provide for his safety, was properly excluded.

TORT, for personal injuries received by the plaintiff, while in
the employ of the defendant, in consequence of the caving in of
the sides of a trench in which the plaintiff was at work.

Trial in the Superior Court, before *Hopkins,* J., who, at the
close of the evidence, ruled that the action could not be main-
tained, and directed the jury to return a verdict for the defend-
ant; and the plaintiff alleged exceptions. The material facts
appear in the opinion.

*S. A. Fuller & C. H. Blood,* (*C. F. Smith* with them,) for the
plaintiff.

*J. Lowell, Jr.,* for the defendant.

HOLMES, J. This is an action for personal injuries caused by
the caving in of the sides of a trench in which the plaintiff was at
work. There is a count at common law for not shoring the sides,
and one under the employer's liability act (St. 1887, c. 270) for
negligence of the defendant's superintendent in omitting the

same precaution. A third was added for negligently setting the plaintiff at work in an unsafe place. The case differs from those which have been before the court in the fact that the defendant was not digging the trench, and, so far as appears, had no control over it. The trench was in a street in Malden, and had been dug by the city. In the process, the gas pipe of the defendant had been exposed for about a hundred feet and supported by stringers, and the defendant was ordered to remove it. The defendant's superintendent visited the place, and the next morning set the plaintiff and some other men to removing the pipe. The plaintiff had had two or three years' experience in digging trenches. This trench was six feet wide and five feet and ten inches deep, and the earth was thrown up on the sides to a height of about a foot and a half, thus somewhat increasing the pressure. It was not shored, and had been open about four days, which increased the danger of the bank falling. Also the earth was shaken by the constant moving of heavy wagons and trains in the neighborhood. The accident happened after the plaintiff had been at work about three hours, and just after the superintendent had left. The presiding judge excluded the plaintiff's testimony that he made no examination of the trench, but relied on the superintendent to provide for his safety, and directed a verdict for the defendant. The case is here on exceptions.

The offer of evidence may be disposed of in a few words. If the plaintiff relied on the defendant for more than he had a right to, he did so at his own peril, and he had no right to prove it. If he only relied on those precautions being taken which it was the defendant's duty to take, evidence was superfluous to show that he had not waived his rights. Whichever may have been the case, the private operations of the plaintiff's mind were no measure of the defendant's duty.

The only question is what the plaintiff had a right to expect from the defendant when set to work in such a place. He had not a right to expect it to shore the sides of the trench or to make it safer than it was, because, as was manifest, and as the plaintiff must be taken to have known, the defendant had no control over the trench. He had a right to expect that, if the defendant knew of any danger which the plaintiff did not know

and ought not to be assumed to know, it would inform him. But no such knowledge on the part of the defendant was shown. It does not appear to have known anything except what was visible to the eye, or to have been able or bound to infer from what was visible anything which the plaintiff with his experience was not equally able to infer.   What more could it have done? There is no reason to suppose that inspection would have disclosed anything beyond the visible facts, and therefore it is not necessary to consider whether the duty of inspection existing with regard to cars received from connecting lines to be forwarded on a railroad would be held to exist in such a case as this.   Compare *Regan* v. *Donovan*, 159 Mass. 1, and *Kanz* v. *Page*, *ante*, 217, with *Keith* v. *New Haven & Northampton Co.* 140 Mass. 175, 180, and *Haley* v. *Case*, 142 Mass. 316.   The only thing which we think of as possible is that the defendant might have inquired how long the ditch had been dug, as bearing on the chance of a fall, and then have told the plaintiff.   But it seems to us that it would be more straightforward to require the defendant to insure the plaintiff than to allow a recovery to be based upon the omission of such an inquiry as an excuse for a verdict.   All the large elements of the risk being manifest, and being thrown upon the plaintiff, it would be an evasion of the law to lay hold of a small secondary circumstance as a ground of distinction.   See *Kelly* v. *Abbot*, 63 Wis. 307.

*Exceptions overruled.*