### JOHN MOYNIHAN *vs.* KING'S WINDSOR CEMENT DRY MORTAR COMPANY.

Suffolk.   March 25, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Negligence — Evidence.*

In an action for personal injuries it appeared that the defendant corporation had a two-story permanent stage extending from its warehouse to the edge of a wharf; that it had a swinging stage, made of heavy planks bolted together strongly by cross-pieces, which was used in connection with the permanent stage, and was run over the decks of vessels, one end resting on the permanent stage, and the other being supported by the ropes fastened to the masts of vessels, from which their cargoes were discharged by being hoisted and delivered upon trucks standing near the outer end of the swinging stage, and thence wheeled into the warehouse; that, while the plaintiff was engaged by the defendant in this work of trucking, a rope which held one corner of the swinging stage, and which was fastened to one of the masts of a vessel, broke, and the stage gave way, and the plaintiff was injured; that the captain of the vessel raised the freight from the hold by tackle and slings, and lowered it into the defendant's trucks, which were about four feet from the outer end of the swinging stage; that the captain employed a stevedore to stand on the swinging stage, manage it, receive the bags and lower them into the trucks; that the ropes and tackle were furnished and operated by the captain and crew of the vessel, and the defendant did nothing in reference to them, and that several hours before the staging fell the defendant's foreman, who had engaged the plaintiff and another laborer, told them, "As soon as the stageman is ready, have your trucks ready to go out." *Held*, that it was properly ruled that the action could not be maintained against the defendant, but that it did not follow that the plaintiff was without remedy against the owners of the vessel.

In an action for personal injuries occasioned to the plaintiff by the breaking of a rope attached to one corner of a swinging stage and to the mast of a vessel lying at a wharf, while he was engaged in trucking bags of cement and mortar to the defendant's warehouse, evidence that different kinds of staging were used for unloading sugar elsewhere is immaterial.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Lilley*, J., who, at the close of the evidence, directed a verdict for the defendant, and, at the request of the plaintiff, reported the case for the determination of this court. If the ruling was correct, judgment was to be entered upon the verdict; otherwise, the case was to stand for trial.

*W. H. Baker*, for the plaintiff.

*J. K. Berry*, (*E. C. Upton* with him,) for the defendant.

ALLEN, J.   The defendant owned a warehouse situated upon a wharf, and had a two-story permanent runway or stage extending from the warehouse to the edge of the wharf.   It also had a movable or swinging stage, made of heavy planks bolted together strongly by cross-pieces, which was used in connection with the permanent stage, and was run out over the decks of vessels, one end resting on the permanent stage, and the other being supported by ropes fastened to the masts of vessels.   Cargoes were discharged from vessels by being hoisted and delivered upon trucks standing near the outer end of this swinging stage, and thence wheeled into the warehouse.   While the plaintiff was engaged in this work of trucking, a rope which held one corner of the swinging stage, and which was fastened to one of the masts of a vessel, broke, and the stage gave way under the plaintiff, and he fell to the deck of the vessel and was hurt.

The plaintiff was engaged by the defendant to truck bags of cement and mortar from where they were received on the swinging stage to its warehouse.   The captain of the vessel raised the freight from the hold by tackle and slings, and lowered it into the defendant's trucks, which were stationed about four feet from the outer end of the swinging stage.   The captain employed a stevedore to stand stage, that is, to stand on the swinging stage, see that it was properly adjusted, according to the state of the tide, to receive the bags as they were raised from the vessel, and to lower them into the trucks of the defendant's employees.

. The defendant had no ropes or tackle connected with the staging, or used in rigging or supporting it, but the ropes and tackle were furnished and operated by the captain and crew of the vessel, and the defendant did nothing with reference to the same.   This was according to the usual practice when vessels arrived at the wharf, the swinging stage being handled and managed under the direction of the captain of the vessel, or the person in charge thereof.   This had been done on the occasion of the accident to the plaintiff.   The defendant's foreman, having engaged the plaintiff and another laborer for the work of trucking the freight, told them " as soon as the stage man is

ready, have your trucks ready to go out"; and the staging fell after they had been at work for several hours.

The plaintiff testified that he did not know who furnished the ropes, or put them up, or managed them.

Upon these facts it is apparent that, if there was negligence in furnishing and using an insufficient rope for the support of the swinging stage, such negligence was to be attributed to those in charge of the vessel; and it is now well settled that they owed a duty to one in the position of the plaintiff to use due care for his safety, for breach of which he might maintain an action. *Hayes* v. *Philadelphia & Reading Coal & Iron Co.* 150 Mass. 457. *Elliott* v. *Hall,* 15 Q. B. D. 315.

The plaintiff's claim rests solely upon the duty of the defendant at common law. A count in the declaration charging negligence upon a superintendent of the defendant under the employer's liability act, St. 1887, c. 270, was waived. There was no averment that the swinging stage was a part of the defendant's ways, works, or machinery; and it would seem that an action could not be supported on that ground without proof that the defendant controlled or managed it. *Trask* v. *Old Colony Railroad,* 156 Mass. 298. *Engel* v. *New York, Providence, & Boston Railroad,* 160 Mass. 260.

The occupation and use of the swinging stage were joint. The captain discharged the cargo of the vessel upon it. The defendant received the cargo there, and trucked it away into its warehouse. But the support, control, and management of the outer end of the stage belonged to the captain. He had attended to supporting it at the outset with ropes, and he had his stage man there to attend to the management of it afterwards. The duty and responsibility primarily rested upon him; and the defendant cannot be held responsible, unless upon proof of neglect of a duty of inspection and warning.

In the absence of anything to excite suspicion or apprehension, the defendant might assume that due care would be used by those in charge of the vessel. It was a matter which it was their duty to see to. It was within their part of the work, and the stage man employed by the captain was to stand constantly upon the swinging stage. There was no evidence of a usage on the part of warehousemen to inspect the rigging, under such

circumstances. No duty of inspection rested on the defendant, unless there was something in the facts or circumstances to show that such an inspection ought to have been made. No witness testified to having observed anything in the mode of supporting the stage to excite attention. There was, indeed, the evidence of one Pray, who had never seen this stage, nor any other like it, in use, and whose knowledge of stages was confined to those of a different kind, used for the unloading of sugar in bags four times as heavy as the bags of cement and mortar. His opinion that a swinging stage like the one in question was not safe and adequate amounted to nothing, because such stages were in common use, and the plaintiff took his chance upon this kind of stage, supported by ropes fastened to the masts. The plaintiff cannot recover unless there was negligence in providing an insufficient support. He was used to working upon similar stages, and his only ground of complaint is that the rope was rotten. Evidence that different kinds of staging were used for unloading sugar elsewhere was of no importance. *Veginan* v. *Morse*, 160 Mass. 143.

Upon the evidence, no duty of inspection of the ropes to see that they were sound rested upon the defendant. *Garragan* v. *Fall River Iron Works Co.* 158 Mass. 596. *Regan* v. *Donovan*, 159 Mass. 1. *Shea* v. *Wellington*, 163 Mass. 364. *O'Connor* v. *Rich*, 164 Mass. 560.

It was therefore properly ruled that the action could not be maintained against the defendant; but it does not follow that the plaintiff is without remedy against the owners of the vessel.

*Judgment upon the verdict.*