190
d205

553
²257

## Joseph M. Connelly, Appellant, *v.* Samuel Faith and John Long, trading as S. Faith and Company, and the Boothby Hotel Company.

*Negligence—Question for jury.*

Whether the owner of premises was negligent in allowing hot water to accumulate from an overflow of an exhaust well of an engine, caused by a failure to keep the well pumped out, which resulted in plaintiff's being scalded is for the jury.

*Negligence—Fellow-servant—Independent contractor.*

Where a person employed by an independent contractor is working upon a building and is injured by the negligence of an employee of the owner of the building, and it does not appear that the work was not in the line of his duty to his own employer, or that it was not done in aid and for the convenience of his own employers' business, he cannot be considered a fellow-servant of the person whose negligence caused the accident.

*Negligence—Contributory negligence—Province of court and jury.*

Plaintiff, an electrician, went into a dark cellar to ascertain what was the matter with an incandescent light that had gone out. He took the light down and carried it to an engine room, and then back again to replace it in its proper position, each time picking his way carefully by the light of a candle. When he was descending the ladder, after adjusting the light, his candle went out, and he finished his descent without relighting it, and stepped into scalding water which had overflowed from a well through the negligence of an engineer of the owner of the building. *Held,* that the question of the contributory negligence of the person injured was for the jury.

Argued Jan. 24, 1899. Appeal, No. 376, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 913, on verdict for defendants. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries.    Before BEITLER, J.

At the trial it appeared that plaintiff was employed as electrician by S. Faith & Company and was sent by his employer on November 9, 1897, to the hotel building of the Boothby Hotel Company to fix an incandescent lamp in the boiler room. He entered the boiler room, carrying a lighted candle, climbed a wooden horse, extracted the cut-out which connects the light with the ceiling, brought it down and took it into the engine room. When he got there, he found that the fuse had blown in the cut-out. He then put a new fuse wire into it, came back to the boiler room and went up the ladder again. Finding that his reach was not satisfactory he started down the ladder. When about half way down his candle blew out. He continued his descent without relighting the candle, and stepped into boiling water which in the mean time had overflowed from a well, through the alleged negligence of the engineer of the Boothby Hotel Company.

The court directed a verdict in favor of the defendants.

Verdict and judgment for defendants.    Plaintiff appealed.

*Error assigned* was the above instruction.

*Henry W. Scarborough*, for appellant.—This case is directly ruled by Ely v. Railway Co., 158 Pa. 233.

Inferences of fact are for the jury. Contributory negligence must be such that without it the accident would not have happened: Railroad Co. v. Greiner, 113 Pa. 600.

No one can be charged with carelessness where he omits to do that of which he has no time to judge. Such an act or omission, if faulty, will be called a mistake, but it is not carelessness: Brown v. French, 104 Pa. 604; Baker v. Northeast Borough, 151 Pa. 234; Sprowls v. Morris Township, 179 Pa. 219; Stoughton v. Gas Co., 159 Pa. 64; Lee v. Woolsey, 109 Pa. 124; R. R. Co. v. Jones, 128 Pa. 308; Owens v. Ry. Co., 155 Pa. 337.

It is usually for the jury to say whether it is contributory negligence for a person to walk in the dark without a light. This must especially be the case where the party had a light which has gone out, and where he can get another only by walking in the dark after one: Howett v. R. R. Co., 166 Pa.

607 ; Merriman v. Phillipsburg Borough, 158 Pa. 78 ; Smith v. Wildes, 143 Mass. 556.

Under no circumstances was it the duty of the plaintiff to anticipate the negligence of the Boothby Hotel Company in neglecting to pump its well out : Fredericks v. R. R. Co., 157 Pa. 116 ; R. R. Co. v. Hummell, 44 Pa. 375 ; Shearman and Redfield on Negligence (5th ed.), sec. 90 ; Vanesse v. Coal Co., 159 Pa. 403 ; Reeves v. R. R. Co., 30 Pa. 461 ; Brown v. Lynn, 31 Pa. 510 ; Bruch v. Phila., 181 Pa. 591 ; Schall v. Cole, 107 Pa. 7 ; 2 Thompson on Negligence, 1172, sec. 18 ; Grimmelman v. Union Pacific Ry. Co., 70 N. W. Rep. 90 ; Totten v. Phipps, 52 N. Y. 354 ; Sylvester v. Maag, 155 Pa. 225 : Smith v. Wildes, 143 Mass. 556 ; Kinchlow v. Elevator Co., 57 Kan. 374 ; Pender v. Raggs, 178 Pa. 337 ; Dillon v. Light Co., 179 Pa. 482.

The negligence which was the proximate cause of the plaintiff's injuries was the overflow of the hot water from the well : Warren v. Kauffman, 2 Phila. 259 ; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 503 ; Hydraulic Works Co. v. Orr, 83 Pa. 332 ; Schilling v. Abernethy, 112 Pa. 437 ; Scott v. Dock Co., 3 Hurl. & Colt. 596 ; Byrne v. Boadle, 2 Hurl. & Colt. 722 ; Rose v. Transportation Co., 20 Blatchford (U. S.), 411 ; Cummings v. Furnace Co., 60 Wis. 604 ; Volkmar v. Railway Co., 134 N. Y. 418 ; Graham v. Badger, 164 Mass. 42 ; Mulcairns v. City of Janesville, 67 Wis. 25 ; Railroad Co. v. Rainbolt, 99 Ind. 551 ; Dougherty v. Railroad Co., 81 Mo. 325 ; Seybolt v. Railroad Co., 95 N. Y. 562 ; Lowery v. Railway Co., 99 N. Y. 158 ; Railway Co. v. Rosenzweig, 113 Pa. 535 ; Johnson v. Bruner, 61 Pa. 58.

The doctrine of sic utere tuo ut alienum non laedas has often been applied in Pennsylvania, and rules this case : Stephens, Jackson & Co. v. Martins, 23 W. N. C. 475 ; Gas Co. v. Murphy, 39 Pa. 257 ; Rogers v. Phila. Traction Co., 182 Pa. 473 ; Jones v. Ry. Co., L. R. 3 Q. B. Cases, 736 ; Heaven v. Pender, L. R. 11 Q. B. Div. 503.

It is the duty of the master to warn a servant of any danger known to the master : Shearman and Redfield on Negligence (5th ed.), sec. 185 ; Crowley v. Cutting, 165 Mass. 436 ; Schall v. Cole, 107 Pa. 7 ; Smith v. Tube Co., 183 Pa. 485 ; Rummell v. Dilworth, 111 Pa. 343.

*Thomas Leaming*, for Boothby Hotel Company, appellee.—
That the plaintiff, although paid by S. Faith & Company, was the
fellow-servant of the Boothby Hotel Company's servants when
temporarily acting with them was decided in Wischam v. Rick-
ards, 136 Pa. 109; Flower v. Penna. R. R. Co., 69 Pa. 210.

Plaintiff being the fellow-servant of the hotel company's ser-
vant, the company was not liable : Pawling v. Hoskins, 132 Pa.
617 ; Ingram v. Lehigh Coal, etc., Co., 148 Pa. 177.

*Joseph T. Bunting*, for S. Faith & Company, appellee.—Con-
ceding the contention of appellant that the proximate cause of
his injury was the overflow of the drain well, such overflow
was not due to the negligence of his employers, S. Faith &
Company : Sykes v. Packer, 99 Pa. 465; Kohler v. R. R. Co.,
135 Pa. 346; Brown v. Barnes, 151 Pa. 562; Ely v. Ry. Co.,
158 Pa. 237; Nuss v. Rafsnyder, 178 Pa. 397.

Appellant was not working at the time of his injury in a ser-
vice within the contractual duties of S. Faith & Company at
the Boothby Hotel, but was then engaged in a common em-
ployment with the servants of the Boothby Hotel Company :
Wischam v. Rickards, 136 Pa. 109.

The appellant was guilty of contributory negligence in com-
pleting his descent of the ladder without a light when a lighted
candle was in the possession of a fellow-workman within ten
feet of him in the same room.    Appellant thereby assumed the
risk of the dangers enveloped in the darkness : Wilkinson v.
Fairrie, 1 Hurl. & Colt., 633.

OPINION BY MR. JUSTICE MITCHELL, April 3, 1899 :

Plaintiff was employed by Faith & Company, and was doing
work on the premises of the Boothby Hotel Company when he
received the injury for which he brought suit against both.
We do not discover any evidence of negligence on the part of
Faith & Company, and as to them the direction to find for the
defendants is affirmed.

But as to the Boothby Hotel Company the case is different.
The evidence is undisputed that the injury was the result of
stepping into hot water from the well, and that the overflow was
caused by the failure of the engineer to keep the well pumped
out.    The question of the Boothby Company's negligence there-
fore was necessarily for the jury.

Two points are made for the defense. First, that the work in which plaintiff was engaged at the time of the injury, was the work of the Boothby Company, and therefore any negligence of the engineer was negligence of a coemployee. On this point Wischam v. Rickards, 136 Pa. 109, is relied on. In that case the defendant was engaged in delivering a heavy wheel to the employer of the plaintiff, and needing assistance the plaintiff's foreman called him among others to help, and while so doing he was injured. It was held that he could not recover. But it appeared that the act of the plaintiff was entirely outside the line of his duty to his employer, and clearly within the duty of the employees of the defendant. In joining the latter in the performance of their duties he made himself for the time being one of their class, and the decision was explicitly put on this ground. "The plaintiff did become one of the servants of the defendant to assist in the defendant's act of delivering the wheel. . . . he had no right or interest in the wheel or its delivery, and what he did was done on behalf of the defendant, and in conjunction with defendant's servants:" p. 128. Under these circumstances it was held that his coming forward in response to a call from his own foreman did not change the main fact of temporary engagement in defendant's work. The case is said by the judge who delivered the opinion, to be "exceedingly close," and it is not to be applied as a precedent without clear similarity in the crucial facts. In the present case it does not appear that the work in which plaintiff was engaged was not in the line of his duty to his own employer, or was not done in aid and for the convenience of his own employer's business there. The inference is rather that it was. It was not done in conjunction or with the assistance of any of the Boothby men, but by the plaintiff alone, in the line of his trade as electrician, and its immediate object was to restore the light to a room in which his fellow-workmen were then engaged. The contract between Faith & Company and the Boothby Company was not shown. It may become a question for the jury under the evidence whether plaintiff at the time of the injury had put himself temporarily in the position of a member of the class of employees of the Boothby Company, but it is not so necessary a deduction that the court can draw it as a matter of law.

The second branch of the defense is that the plaintiff himself

contributed to the accident by his stepping down from the ladder in the dark, without calling on the others present to relight his candle or at least hold theirs so that he could see. This also was a question for the jury. The plaintiff had gone across this place three times within a few minutes, first to ascertain what was the matter with the incandescent light that had gone out, then taking it down and into the engine room to put a new fuse wire in, and then back again to replace it in its proper position, each time as he says picking his way carefully by the light of his candle. If when he stepped down from the ladder in the dark after his candle went out, he had made a misstep or fallen and thus been injured, it would clearly have been at his own risk, for the danger was patent and known to him. But the danger from the overflow of hot water was not so obvious. Whether he was negligent as to this depended on the frequency of such occurrence, how suddenly or how slowly it took place, his means of knowledge or observation of the probability of it and other circumstances which required the consideration of the jury.

Judgment reversed and venire de novo awarded as to the Boothby Hotel Company.