WILLIAM RILEY *vs.* ISAAC N. TUCKER.

Suffolk.    March 7, 1901. — May 24, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Ways or works under St. 1887, c. 270, § 1.

In an action under St. 1887, c. 270, § 1, by a plumber's helper against his employer,
it appeared, that the defendant was doing the plumbing work of a building in
process of construction. There were no stairs in the building, but access from
floor to floor was had by means of ladders connecting stagings built in the ele-
vator well on the level of each floor. The plaintiff was injured by one of these
stagings giving way when he was upon a ladder resting on it. The defendant
had nothing to do with the construction of the stagings. They were built be-
fore he began his work and were used by all the workmen of the different con-
tractors. *Held,* that there was no evidence which would warrant a jury in finding
that the ladders and stagings formed a part of the ways or works of the defend-
ant within the meaning of the act.

TORT under the employers' liability act, St. 1887, c. 270, for
injuries to the plaintiff while in the defendant's employ by
reason of alleged defective ways and works of the defendant
furnished for doing certain work in the erection of a building at
the corner of Brimmer and Pinckney Streets in Boston. Writ
in the Municipal Court of the City of Boston dated May 2, 1898.

The case came by appeal to the Superior Court and there
was tried before *Dewey,* J., who ordered a verdict for the de-

fendant.   The plaintiff alleged exceptions, which, after the death of *Dewey*, J., were allowed by *Fessenden*, J.   The case is fully stated in the opinion of the court.

P. B. *Runyan*, for the plaintiff.

J. B. *Moran* & A. D. *Moran*, for the defendant.

LATHROP, J.   This is an action of tort under the St. of 1887, c. 270, § 1, cl. 1, for injuries sustained by the plaintiff while in the defendant's employ.   The case was tried in the Superior Court.   At the close of the evidence for the plaintiff, the judge directed a verdict for the defendant; and the case is before us on the plaintiff's exceptions.

The evidence is set forth at length in the bill of exceptions; but so far as it is necessary to this decision it may be summarized thus.   The defendant was doing the plumbing work in a new building in process of construction in Boston.   The plaintiff was nineteen years old, and was in the employ of the defendant as a plumber's helper.   There were no stairs in the building, but there were stagings built in the elevator well on the level of each floor, and access was had from floor to floor by means of ladders.   The defendant had nothing to do with the construction of the stagings; and they were built some time before the defendant began his work.   They were used by all the workmen of the different contractors.   The plaintiff had worked upon several houses before the day of the accident, and knew that the defendant never constructed any staging upon any building upon which he worked, but used the means he found there to go from one floor to another.   The plaintiff began work on the building on February 1, 1898, and worked there until the day of the accident, the ninth day of the following April.   The accident was caused by a staging giving way while the plaintiff was on a ladder resting thereon.

It is unnecessary to state the evidence bearing upon the question of the plaintiff's due care, or that in relation to the cause of the fall of the staging, as we assume that there was evidence that the plaintiff was in the exercise of due care, and that the staging was insufficiently constructed.

The remaining question in the case is whether there was any evidence that would warrant the jury in finding that the ladders and stagings formed, as alleged in the declaration, a part

of the ways or works of the defendant, within the statute above cited.

We are of opinion that this question must be answered in the negative. The defendant did not construct the stagings, nor did he manage or control them. He had no power to remedy a defect if he discovered it. This question has been so often before the court that we deem further discussion of it unnecessary. See *Lynch* v. *Allyn*, 160 Mass. 248, 252; *Engel* v. *New York, Providence, & Boston Railroad*, 160 Mass. 260, and cases cited; *Moynihan* v. *King's Windsor Cement Co.* 168 Mass. 450.

*Exceptions overruled.*