## Sharpley *v.* Wright, Appellant.

*Negligence—Master and servant—Defective appliance not owned by master.*

Where a stevedore contracts with the owner of a wharf to pile lumber on the wharf, and the owner permits him to use a derrick on the premises in the performance of the contract, and the stevedore uses the derrick without testing it, and one of his workmen is injured in consequence of the unsafe condition of the derrick, the stevedore is liable to his workman for the injuries sustained.

Argued Jan. 6, 1903. Appeal, No. 92, Jan. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 547, on verdict for plaintiff in case of William Sharpley v. Thomas H. Wright. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,750. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Joseph T. Bunting,* for appellant.—The defendant in this case claims that he is not responsible for the injury which resulted to the plaintiff, even if the defect in the derrick which caused the injury could have been ascertained by a previous inspection, because defendant had neither the control over the derrick which would have warranted an inspection, nor the power to make the repairs which might have been suggested by the inspection: Anderson v. Oliver, 138 Pa. 156 ; Johnston v. Ott, 155 Pa. 17 ; Elliott v. Hall, L. R. 15 Q. B. Div. 315 ; Heaven v. Pender, L. R. 11 Q. B. Div. 503 ; Mulchey v. Methodist Religious Society, 125 Mass. 487 ; Hayes v. Philadelphia & Reading Coal & Iron Co., 150 Mass. 457 (23 N. E. Repr. 225) ; Coughtry v. Globe Woolen Co., 56 N. Y. 124.

There is a long line of cases in the federal courts which hold that where a boss stevedore has contracted to unload a ship, an

employee of the stevedore injured by a defective appliance furnished by the ship for the discharge of the cargo, can recover against the ship for such injuries: The Rheola, 19 Fed. Repr. 926; The Carolina, 30 Fed. Repr. 199; The Phœnix, 34 Fed. Repr. 760; Steel v. McNeil, 60 Fed. Repr. 105.

*John P. Connelly,* with him *Flanders & Pugh,* for appellee.— It is of no consequence, nor is it an issue in this case, whether some one else (the owner of the machine, for example), was also in fault, or whether he might be held liable in another suit. It is immaterial how many others have been in fault, if defendant's act is an efficient cause of the injury: 1 Shearman and Redfield on Negligence, sec. 31.

The defendant allowed his workmen to use this derrick, although he had not examined or made any inspection of it, as it was his duty to do; and it cannot be denied that the defect was one which could have been discovered by proper inspection: the ratchet was worn and the wire was rotten: Union Pac. Ry. Co. v. James, 56 Fed. Repr. 1001; Bennett v. Standard Plate Glass Co., 158 Pa. 120; Tracy v. Western Union Tel. Co., 110 Fed. Repr. 103; Honinfins v. Chambersburg Engineering Co., 196 Pa. 47; Newton v. Vulcan Iron Works, 199 Pa. 646; Dyer v. Pittsburg Bridge Co., 198 Pa. 182.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1903:

The plaintiff was injured while in the service of the defendant and this action was brought to recover damages for his injuries, which he alleges were caused by the negligence of the defendant. Thomas H. Wright, the defendant, was a stevedore, and contracted with W. S. Taylor & Company to pile lumber for them on their wharf on Delaware avenue, in the city of Philadelphia. William S. Sharpley, the plaintiff, was employed by the defendant to assist in this work. In performing the work, the defendant's employees used a derrick owned and erected by Taylor & Company on the wharf. The mast of the derrick was planted in the ground and cribbed with timber. The ratchet wheel of the derrick, used in hoisting the timber, was moved by a crank and, when supporting the timber, was held in place by a paul or dog whose grip of the wheel was made secure by a weight attached to it by means of a wire. The

plaintiff, with other laborers, was engaged in piling lumber on the morning of November 29, 1899. While he was at the crank of the ratchet wheel lowering on the lumber pile a large stick of timber which had been hoisted by the derrick, the wire attaching the weight to the dog broke, releasing it from the wheel which suddenly began to revolve at a great speed and the crank of which struck the plaintiff injuring him severely. The proximate cause of the plaintiff's injuries was the breaking of the wire, which had been in use for a long time and was rotten and defective. The plaintiff avers in his statement that the defendant failed to exercise due care in providing him with safe and properly constructed machinery and appliances with which to do his work, and alleges that the wire holding in position the dog had become insufficient, weak, worn and rotten, and that the ratchets and dog were, and for a long time had been insufficient, worn, and imperfect. The jury returned a verdict for the plaintiff on which judgment was entered, and the defendant has appealed.

The assignments of error raise but a single question and that is whether the defendant is responsible for the unsafe condition of the derrick. That the derrick was unsafe and that a previous inspection would have disclosed the fact are not controverted. The defendant, however, denies his liability for the injury received by the plaintiff " because he had neither the control over the derrick which would have warranted an inspection, nor the power to make the repairs which might have been suggested by the inspection."

The position of the defendant is untenable. His contract with Taylor & Company required him to pile the lumber on the wharf, and for that purpose he had to furnish the tools and appliances as well as the labor. The testimony shows that a derrick could be used advantageously in performing the work, and that without such an appliance the cost of piling the lumber would have been materially increased. The size of the timber required the use of a heavy derrick in handling it. Whether the defendant used the derrick constructed by Taylor & Company on the wharf, or brought another derrick to the wharf with which to perform his work, is immaterial so far as it affects this case. The machine which injured the plaintiff was in the possession and control of the defendant while his employees used it in

handling the lumber, and was unquestionably an appliance used in piling the lumber in pursuance of the contract with Taylor & Company. That the possession and control of the machine by appellant was temporary and liable to be resumed at any time by the owners did not, as argued by appellant's counsel, relieve him from the legal duty of inspection imposed upon him. The danger to the employee in the use of unsafe machinery was the same whether his master owned or temporarily controlled it, and hence the protection of the servant demanded the performance of the master's duty to keep it in a reasonably safe condition in either event. Therefore, when Wright obtained permission of the owners to use the derrick and put his employees in possession of it, he assumed the duty of a master to a servant which required him to furnish a reasonably safe appliance with which to perform the work and to see that it continued in that condition by proper inspection.

We are unable to see the force of the suggestion of the counsel of defendant that his client's control of the derrick did not warrant an inspection of it by him, nor invest him with the powers to make repairs. The owners did not deny him the privilege of doing either. The possession of the machine invested the defendant with the same authority and gave him the same opportunity to inspect it as it did to use it. The inspection involved no change in, nor injury to, the machine, unless in determining its strength it was broken, thus disclosing its weakness and unfitness for use. In that event there could be no complaint by the owners, as the defendant was performing a duty imposed by law, alike on him and the owners before they could use it. The permission to use the derrick, therefore, necessarily carried with it the permission as well as the duty to test it. It will not be presumed that the owners expected or desired the defendant, in the use of the machinery, to violate the law by failing to inspect it, or to use the machinery if it was unsafe or defective. Nor do we think it will be seriously contended that if an inspection had disclosed defects in the machinery, the defendant would not have had " the power to make repairs " before using it. His failure to have made the necessary repairs would have been a flagrant violation of his duty and would have made him responsible for any resultant injury to his employees. He could not with impunity knowingly furnish them with an unsafe machine.

In support of his position the counsel for the defendant has cited Anderson v. Oliver, 138 Pa. 156, and Connelly v. Faith, 190 Pa. 553. Neither of the cases is analogous to the case under consideration, nor do the principles announced in those cases in anyway affect or control the decision in the case at bar. In the former case, the plaintiff was denied the right to recover for an injury received while unloading a car, a defective brake on which caused the injury. In the language of the court: "The defendants are not responsible because they did not own the cars and had no control over them further than to unload them." In Connelly v. Faith, the plaintiff, an electrician was in the employ of Faith & Company and was sent to do some work in the hotel building of the Boothby Hotel Company. While engaged in the boiler room he stepped into boiling water which had overflowed from a well through the negligence of the engineer of the hotel company. Connelly brought a joint action against Faith & Company and the Boothby Hotel Company. This court held that there was no evidence of negligence on the part of Faith & Company. It will be observed that the plaintiff's injuries resulted solely from the negligence of the Boothby Hotel Company's employee, and were not in anyway attributable to a failure in the performance of any duty imposed upon Faith & Company. At the time of the accident, Connelly was not on premises owned, controlled or used by them, nor was he injured by any appliance or machinery with which he was furnished to perform his work. No act of Faith & Company, either of commission or omission, contributed in the slightest degree to his injuries.

It is further contended that Johnston v. Ott Brothers, 155 Pa. 17, and that line of cases rule this case against the plaintiff and compel him to seek redress for his injuries from Taylor & Company, the owners of the wharf and the derrick. We are not concerned here with the liability of Taylor & Company to answer for the injuries sustained by the plaintiff. If it be conceded that they are responsible to the plaintiff, it by no means follows that the defendant is not also guilty of culpable negligence for which he must respond in this action. His act in failing to have the derrick properly inspected clearly was an efficient cause of the accident resulting in the plaintiff's injuries.

It is well settled that an employer is not responsible for an injury sustained by his employee caused solely by unsafe premises which are owned and controlled by a third person and where the employee's services are performed. The reason of the rule is that the employer does not own, use or control the premises, and hence he cannot be made responsible for injuries sustained by reason of their unsafe condition. But the defendant here cannot invoke the application of the principles controlling such cases to relieve him from liability in this action. Here, the plaintiff was not injured by defective premises where he was engaged at his work, but by an unsafe appliance furnished him by his employer with which to do the work. While Taylor & Company owned the derrick and the real estate on which it stood, the defendant was in possession and control of the derrick, the appliance with which the plaintiff was furnished to perform his work, and the defects in which caused his injuries.

The assignments of error are overruled and the judgment is affirmed.