PENNER *v.* VINTON CO.

1. MASTER AND SERVANT — INJURY TO SERVANT — NEGLIGENCE OF THIRD PERSON—LIABILITY OF MASTER.

   The contractor for the wood work on a building is not liable for injury to his employé from negligence of an employé of the contractor for the mason work, in dropping a brick on him.

2. SAME—SAFE PLACE TO WORK.

   The doctrine of safe place to work has no application where the place was safe and is merely made unsafe by the negligent act during work by an employé of a third person, for which the employer is not responsible.

Error to Wayne; Rohnert, J.   Submitted June 16, 1905.   (Docket No. 24.)   Decided July 21, 1905.

Case by Gustav J. Penner against the Vinton Company for personal injuries.   There was judgment for de-

fendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

The owner of a building in Detroit, which had previously been used for stores and offices, was remodeling it into a theater. To accomplish this, it was necessary to remove a large part of its interior. He let a contract to do the wood work to the defendant, and an independent contract to one Fisher to do the mason work. The walls were of brick. Plaintiff, a common laborer, had been employed by the defendant for about three weeks in cleaning out debris from the interior of the building, and assisting in doing whatever there was to do. The flooring had been removed from the upper stories, and the joists taken down. At the time of the accident they were taking down the joists on the second floor. Plaintiff had helped to take them down on the third floor. He testified that Mr. Vinton told him to go up and assist in taking them down. No one was working above at this place inside the building. Plaintiff looked to see if there was any danger. Mr. Vinton told him to wait until he sent another man to assist. In a little while another man came, and the two went to work as directed. They loosened the joists, took them out, and lowered them to other workmen on the floor below. Plaintiff suddenly fell, striking on a pile of brick about 12 or 15 feet below. His physician testified that there was an abrasion between the top and side of the head. "It was not a very large cut. It was more like a contusion." The principal injury was to his back.

Plaintiff described the accident as follows:

"I had been working up there several minutes, about 10 minutes, before I got hurt with something. I can't say how many minutes, but several minutes. I do not know what hit me. I don't know what it was like, whatever hit me. I have no idea of what hit me. It knocked me senseless. I can't say whether it was hard or soft. Whatever hit me, it knocked me senseless. I don't know what happened then. The people told me I fell."

Plaintiff introduced two other witnesses, both of whom testified that plaintiff was in the act of lowering one or two joists with a rope, and that while doing so he fell; he and the joists coming down together. One of them testified as follows:

"The way they came down with the joists together—the one he had his feet on—my idea was, that his joist got loosened. It might have. The bricks in the wall might have given way and let both joists down. I don't know. I can't swear to that. I noticed just a little blood on the head, or the side of the head, when he got out of it."

On cross-examination he testified as follows:

"As far as I could judge, I thought at the time, the way the two joists came down together, that the bricks between them—they were about 10 or 12 inches apart—that the brick between the joists loosened, the way they came down together, that the joists loosened, and he came down. Further than described, I do not know. I can't tell whether anything fell or not."

The testimony of the other witness was substantially the same. Above where the plaintiff was at work were openings in the brick wall, which the masons were filling, but whether they were actually engaged at work there at that time is not entirely clear. The defendant introduced no testimony.

The negligence charged in the original declaration is the failure to provide a safe place for plaintiff to work. At the close of the testimony plaintiff's attorney, by permission of the court, amended his declaration, alleging:

"That the defendant's workmen, in the regular course of their employment, were engaged in the stories above, tearing down the walls of said building, and that the plaintiff in this case was sent in there to remove certain joists, and that in the place in which he was sent, at the time he was sent, there was no condition to indicate to him that anything was to be thrown down at the time, and while he was so engaged upon these joists, in an attempt to loosen them and lower them down, in obedience to the orders of

the defendant, the workmen from above, in the course of their work, allowed or permitted, or in some way unknown to the plaintiff, a brick or something of a hard nature was precipitated upon him, knocking him from the joists, and severely and permanently injuring him."

The court directed a verdict for the defendant.

*Oscar M. Springer*, for appellant.

*Keena & Lightner*, for appellee.

GRANT, J. (*after stating the facts*). The instruction was correct, because:

1. The negligence which caused the plaintiff's injury, if any, was that of an employé of Mr. Fisher, over whom the defendant had no control. The wall was not being torn down, but being built up. Defendant is not chargeable with negligence that any of these bricklayers might commit in throwing or dropping a brick from the building.

2. The doctrine of a safe place has no application here. The place was safe, and was only made unsafe by the negligent act of a third party, for which the defendant was not responsible.

Judgment affirmed.

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.