## JOHN A. LINDGREN v. WILLIAM BROS BOILER MANUFACTURING COMPANY.[1]

September 2, 1910.

Nos. 16,524—(107).

**Unsafe place of work controlled by other persons than the master.**
The master's duty in the matter of exercising due care in furnishing a

[1]Reported in 127 N. W. 626.

---

[Note]   Vice principalship as determined with reference to character of act causing injury, see note to Lafayette Bridge Co. v. Olsen (C. C. A. 7th C.) 54 L.R.A. 33.

servant a reasonably safe place in which to work ordinarily flows from and is measured by the possession, use, and control by the master of the premises where the servant is put to work. An employer is not ordinarily responsible for injuries sustained by an employee, caused solely by an unsafe place of work which is owned and controlled by third persons.

### Same — inspection by master.

· Circumstances may, however, impose upon the master the duty of inspecting the premises of another, or of refraining from giving a servant orders to use those premises, or of giving the servant warning of danger in connection with their use. De Maries v. Jameson, 98 Minn. 453, followed and applied.

### Notice to agent.

Notice to an agent, relating to a matter of which he has management or control, is notice to the master.

### Notice to vice principal notice to master.

A contractor, engaged in the construction of an elevator, for which defendant had furnished steel hoppers, requested defendant to cut off certain projecting parts. Defendant sent an assistant foreman to the contractor's premises. The assistant foreman was requested to advise the contractor when he started on the work, because there was danger that something from above might fall down. The assistant foreman went to defendant's premises, and came back to the contractor's premises with a helper. The contractor was not advised when the work was commenced. A plank slipped from above and killed the helper. It is *held* that notice to the assistant foreman of the danger was notice to the master, and that defendant's assistant foreman was a vice principal, and not a fellow servant.

Action by the administrator of the estate of Oscar S. Martin, deceased, against George T. Honstain and William Bros Boiler Manufacturing Company in the district court for Hennepin county to recover $5,000 damages for the death of his intestate. The facts are stated in the opinion. At the close of plaintiff's evidence he dismissed the case as to defendant Honstain. The case was tried before Simpson, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Cobb & Wheelwright* and *John I. Dille,* for appellant.
*McElwee & Hollihan,* for respondent.

JAGGARD, J.

One Honstain, who had contracted to construct an elevator complete in every detail, agreed that defendant and appellant, William Bros Boiler Manufacturing Company, should deliver and construct at said building certain steel hoppers. The hoppers were in fact delivered and installed. It was afterwards discovered that it was necessary to make a slight change in one of the legs. The contractor requested this defendant to send men to the elevator to do the cutting. Defendant's assistant foreman, Buffton, went over and saw what was to be done.

Wray, the contractor's foreman, testified: "I says to him [Buffton] that when he started on that leg to work to let me know, because it was dangerous above of something falling down." Buffton insisted that no such conversation occurred. It must be assumed, however, for present purposes, that the request was made. Buffton then returned to defendant's place of business and told defendant's foreman that he must have a man to help him. The foreman directed him to take Martin, plaintiff's intestate, as his helper. They together went to the elevator to do the work. Buffton did not advise Wray. Wray testified: "Well, there was always danger of something falling." While Buffton and his helper were at work, the contractor's workmen allowed a plank to slip. It fell one hundred and fifty feet, struck plaintiff's intestate, and caused the injury which resulted in his death. The jury returned a verdict for $5,000. The appeal was taken from the order denying the alternative motion of defendant and appellant, the aforesaid Manufacturing Company.

The one question in the case is whether Buffton was a fellow servant of plaintiff's intestate, or a vice principal. The test "in this state by which to determine whether a person is acting as a vice principal or as a fellow servant in a particular instance is whether at the time of injury he was intrusted with the performance of some absolute and personal duty of the master himself. Neither the doctrine of separate departments nor of superior servant controls. Not the rank of the employee nor his authority over other employees but the nature of his duty or service, is decisive." Pasco v. Minneapolis S. & M. Co., 105 Minn. 132, 117 N. W. 479. It is accordingly in-

significant in this case that Buffton was Martin's superior, or that Buffton was the only man in authority present, and that no one had any authority over him.   The only question is whether the master had intrusted Buffton with the performance of some absolute duty of the master himself.   "It is well settled," said Mestrezat, J., in Sharpley v. Wright, 205 Pa. St. 253, 258, 54 Atl. 896, 898, "that an employer is not responsible for an injury sustained by his employee, caused solely by unsafe premises which are owned and controlled by a third person and where the employee's services are performed. The reason of the rule is that the employer does not own, use, or control the premises, and hence he cannot be made responsible for injuries sustained by reason of their unsafe condition."   "This general rule," it was said in Channon v. Sanford, 70 Conn. 573, 40 Atl. 462, 41 L.R.A. 200, 203, 66 Am. St. 133, "is based upon such possession, use, and control by the master of the premises where he puts his servants at work for him; and, speaking generally, his duty to use due care to make and keep such place reasonably safe flows from and is measured by such possession, use, and control."   The doctrine of a safe place has, properly speaking, no application in this case. Penner v. Vinton, 141 Mich. 77, 104 N. W. 385.   That is, "when leaving the premises of his employer such a person can hardly be said to have a definite 'place to work in,' within the meaning of the rule as to the duty of the master to render reasonably safe the place in which the servant is to work."   Gray, J., in American Bridge Co. v. Bainum, 146 Fed. 367, 76 C. C. A. 633.

Upon whatever ground the rule be based, it has received general sanction.   Trask v. Old Colony, 156 Mass. 298, 31 N. E. 6; Hughes v. Malden, 168 Mass. 395, 47 N. E. 125; Regan v. Donovon, 159 Mass. 1, 33 N. E. 702; Engel v. New York, 160 Mass. 260, 35 N. E. 547, 22 L.R.A. 283; Moynihan v. King, 168 Mass. 450, 47 N. E. 425; Riley v. Tucker, 179 Mass. 190, 60 N. E. 484; Anderson v. Oliver, 138 Pa. St. 156, 20 Atl. 981; Hughes v. Leonard, 199 Pa. St. 123, 48 Atl. 862; Long v. Stephenson, 73 N. J. L. 186, 63 Atl. 910; Whallon v. Sprague, 1 App. Div. 264, 37 N. Y. Supp. 174; Connelly v. Faith, 190 Pa. St. 553, 42 Atl. 1024; Channon v. Sanford, 70 Conn. 573, 40 Atl. 462, 41 L.R.A. 200, 66 Am. St. 133.

This rule is often too broadly stated. There may be cases, for example, in which the circumstances impose upon the master the duty of inspection of the premises of another, or of refraining from giving his servant orders to use those premises, whereby the servant will be imperiled. De Maries v. Jameson, 98 Minn. 453, 108 N. W. 830. The case of Carlson v. Northwestern Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914, is in no wise inconsistent with this rule. The defendant there was engaged in excavating a ditch in which telephone wires were to be laid. · It is wholly immaterial that the premises did not belong to the defendant. It used or controlled them. That case involved the simple application of the ordinary rule of the master's duty as to premises.

The case at bar is not, we think, within the rule. The contractor notified defendant's assistant foreman of the danger, and requested that he be advised when defendant's servant began the work. "Notice to an agent of a corporation or individual, relating to a matter of which he has the management and control, is notice to his master." Labatt, Master & Servant, § 150. When the assistant foreman went back to defendant he had received notice. That notice was attributed by law to the master. When the assistant returned with his helper, the duty was imposed upon the master by law to take the simple precaution requested, by the observation of which intestate's life would have been saved. The assistant foreman was charged with the absolute duty of the master. He was a vice principal.

Affirmed.